REINSTADLER *v.* REEVES *et al.*

(*Circuit Court, E. D. Missouri, E. D*    December 30, 1887.)

1. COURTS — FEDERAL JURISDICTION — WHERE SUIT MAY BE BROUGHT — ACT OF
   MARCH 3, 1887.
        Under the act of congress of March 3, 1887, § 1, providing that suits in the
   federal circuit courts shall be brought in the district where the defendant re-
   sides, except when the citizenship of the parties is the jurisdictional fact, a
   bill to restrain the infringement of a patent filed in Missouri against a citizen
   of Indiana cannot be maintained.

2. SAME.
        Whether the act of March 3, 1887, operated to deprive the circuit court of
   Missouri absolutely of jurisdiction over the case in question, or whether it
   simply gave the defendants a privilege, which they might waive, of being
   sued in the district of their residence, not decided.    *Held*, however, that even
   if the act conferred a privilege merely, which defendants might waive, that it
   had not been waived by a formal appearance entered on the first rule-day,
   followed on the second rule-day by an assertion of the right to be sued only
   in the district of their residence.

3. SAME.
        *Held, further,* that, as the bill showed on its face that defendants were resi-
   dents of Indiana, the right might be asserted by demurrer as well as by mo-
   tion to dismiss.

In Equity.    On demurrer to bill.
*George H. Knight,* for complainant.
*Parkinson & Parkinson,* for defendants.

THAYER, J., (*orally.*)    The suit of *Henry Reinstadler* v. *Marshall T. Reeves
and others* is an action to restrain the infringement of certain letters pat-
ent.    The bill was filed on the fourth day of last October, and the sub-
poena was regularly issued and duly served in this district on the fifth,
and sixth days of October.

The bill shows that the complainant in the case is a resident of the
state of Missouri, and that the defendants are all residents and inhabit-

ants of the state of Indiana. On the November rule-day, the defendants, by their solicitors, entered a formal appearance. On the succeeding rule-day in December, they appeared and filed a demurrer, based upon the ground that, under the act of March 3, 1887, they are not amenable to suit in this jurisdiction in cases of this kind, bec..se they are not inhabitants of the district.

The first section of the act to determine the jurisdiction of the circuit courts of the United States, approved on March 3, 1875, contains this clause:

"And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding."

And that clause is nothing more than a repetition of the same clause contained in the judiciary act of 1789. The corresponding clause contained in the first section of the amendatory act, March 3, 1887, is in the following language:

"And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

As this is a case where the jurisdiction does not depend upon the fact that the parties are citizens of different states, but depends upon the subject-matter of the suit as arising under the patent laws of the United States, the defendants contend that, as the law now stands, they cannot be sued on this cause of action in any other district than that whereof they are inhabitants. And they further claim that, under the act of 1887, jurisdiction of this suit has been withdrawn from the court, so that even though the defendants chose to submit themselves to its jurisdiction, the court would be without power to hear the case.

Counsel for complainant apparently concedes that under the act of March 3, 1887, a bill to restrain the infringement of a patent should be brought "in the district whereof the defendant is an inhabitant," and such seems to be the effect of the amendment in question. Two propositions are advanced, however, in opposition to the demurrer, and they are as follows:

*First.* That the provision in the act of March 3, 1887, to the effect that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant,"—is merely the grant of a privilege to the defendant to be sued exclusively in the district of which he is an inhabitant, which privilege he may waive if he likes, but that it does not operate to deprive the court absolutely of jurisdiction. In this respect, it is claimed that the same construction should be placed on the clause that has uniformly been placed on the corresponding provision contained in the judiciary act of 1789 and in the act of March 3, 1875. *Harrison* v.

*Rowan,* Pet. C. C. 489; *Logan* v. *Patrick,* 5 Cranch, 288; *Lovejoy* v. *Insurance Co.,* 11 Fed. Rep. 71, note; *Romaine* v. *Insurance Co.,* 28 Fed. Rep. 638, 639.

*Secondly.* It is contended that as the provision under consideration confers a privilege merely, which a defendant may waive if he likes, the defendants in the present instance should be held to have waived the privilege of being sued in the district of their residence, by entering an appearance at the November rules.

With reference to the question whether the clause quoted from the first section of the act of March 3, 1887, should receive the same construction that has been placed on the corresponding clause in the judiciary act of 1789, or whether there are reasons apparent on the face of the last amendatory act why the clause in question should be regarded as a denial of jurisdiction, rather than the grant of a privilege, I express no opinion; but, in my judgment, the proposition advanced by the complainant's counsel to the effect that the privilege granted to the defendants (if it be a mere privilege) has been waived, is untenable. In this instance, the process was regular on its face; it was duly issued to the marshal of this district, and was served on the defendants within this district. In these respects it is unlike a case in which there has been no service of process, or a defective service, or in which the process is irregular, or it has been executed outside of the state and district, and the defendant is for that reason at liberty to ignore the process. See *Toland* v. *Sprague,* 12 Pet. 300. In all of such cases, if the defendant enters a general appearance,— that is to say, gives no notice that he will subsequently question the regularity of the process or the service thereof, by means of which his appearance has been secured,—he may be fairly regarded as having waived all such objections. But in a case like the present, where the process and service are in all respects regular, and process has been served in the district, and where the statute accords to the defendant the substantial privilege of being sued only in his own district, he should be permitted, in my judgment, to assert that privilege in any appropriate form, even after a formal appearance, if no other steps besides an appearance have been taken, looking to a defense of the action on its merits. To assert any right whatever, the defendant must appear; and if he has a substantial right, such as is last described, he should not be regarded as having intentionally abandoned it by a mere entry of an appearance on one ruleday, followed on the next by an assertion of his statutory right, by a plea or otherwise. Certainly an appearance, such as was entered in the present case, contains no evidence on its face of an actual intention on the part of the defendants to waive any substantial right, and inasmuch as the privilege claimed by the defendants is that of having a trial in some other forum than the one in which they have been sued, the court may well hesitate to give such effect to the appearance as will force them to a trial in a jurisdiction to which they object.

In conclusion I have only to add that I have some doubt whether the defendants should be permitted to raise the question involved on this hearing by demurrer, in view of the fact that I have thus far considered

the case upon the theory that the court *has* jurisdiction of the subject-matter, and might try the issue if the defendants submitted to a trial in this forum. Of course if a bill shows on its face that the court has no jurisdiction of the subject-matter, a demurrer may be filed. But if the court has jurisdiction of the subject-matter, and the defendant merely asserts the privilege of being sued in some other jurisdiction, it would seem more regular to assert it by motion to dismiss the bill, in those cases where the privilege of being sued elsewhere appears on the face of the bill. As was shown by Judge HAMMOND, however, in the case of *Romaine* **v.** *Insurance Co.*, 28 Fed. Rep. 635, 636, there is no uniform method of raising such issues as are presented in the present case; and, as all the facts appear upon the face of the bill, it is perhaps as well to entertain the demurrer based on the ground of the defendants' exemption from suit in this district, as to require the filing of a motion to dismiss the bill. The demurrer is accordingly sustained.