## HALSTEAD *v.* MANNING, BOWMAN & CO.

*(Circuit Court, S. D. New York.* April 13, 1888.)

COURTS—FEDERAL—OBJECTIONS TO JURISDICTION—DEMURRER.

A bill for infringement of a patent, in the circuit court for the Southern district of New York, by a citizen of that state, alleged that the defendant was a corporation of Connecticut doing business in the district. *Held*, on demurrer to the bill, for which a special appearance only had been entered, that the court had no jurisdiction; the defendant, under the act of congress of March 3, 1887, not being liable to suit outside of the district of which it was an inhabitant, except where it consents thereto, or waives its objection, or where the jurisdiction of the circuit court is invoked solely on the ground of diverse citizenship.

In Equity.  Bill for infringement.  On demurrer to bill.
*F. W. Crocker*, for complainant.
*Edwin B. Smith*, for respondent.

WALLACE, J.  The defendant raises by demurrer to the bill of complaint the objection that this court has not jurisdiction over the person of the defendant.  The bill alleges the infringement by the defendant of letters patent of the United States granted to the complainant for a new and useful improvement in stewing kettles or boilers, and also alleges that the defendant is a corporation organized under the laws of the state of Connecticut, and doing business in the Southern district of New York. Prior to the act of congress of March 3, 1887, the defendant could have been sued here, if "found" within the district, but that act has made a radical change in the former provisions of law respecting the jurisdiction of this court, and a defendant can no longer be sued outside the district of which he is an inhabitant, unless he consents, or waives his right to object, except where the jurisdiction of the circuit court is founded only on the fact that the action is between citizens of different states.  The present action does not fall within that category; and, as the facts showing want of jurisdiction appear upon the face of the bill, and the defendant has not appeared generally in the action, but specially, in order to raise the objection by demurrer, the demurrer must be sustained.