GORMULLY & JEFFREY MANUF'G CO. *v.* POPE MANUF'G CO.

(*Circuit Court, N. D. Illinois.* May 14, 1888.)

COURTS—FEDERAL COURTS—VENUE—ACTIONS AGAINST CORPORATIONS.

Act Cong. March 3, 1887, § 3, provides that, except "when the jurisdiction is founded only on the fact that the action is between citizens of different states," "no civil suit shall be brought * * * against any person by original process or proceeding in any other district than that whereof he is an inhabitant." *Held,* that the circuit court sitting in Illinois had no jurisdiction of a suit for the infringement of letters patent brought by a corporation of that state against a corporation of Connecticut, having its principal office in Massachusetts, and doing business in Illinois; a corporation, under the act of 1887, being an inhabitant of the place where it has its principal place of business, where its corporate offices and records are kept, and its corporate meetings are held, and there being no statute in Illinois making it a condition of foreign corporations doing business in the state that they appoint agents upon whom process may be served.

In Equity.　Bill for infringement.　On motion to dismiss.

The Gormully & Jeffrey Manufacturing Company, an Illinois corporation, filed its bill against the Pope Manufacturing Company, a Connecticut corporation, but alleged to have its principal place of business in the city of Boston, in the state of Massachusetts, and to be a citizen of the state of Massachusetts, charging the defendant with the infringement of a certain patent issued from the patent-office of the United States, and praying for an injunction and an accounting for damages by reason of such infringement. This suit was commenced in April last, and the subpœna is returned served by the marshal of this district, by delivering a true copy to R. D. Gavin, manager of defendant. Defendant enters a special appearance, and moves to dismiss the suit for want of jurisdiction.

*Coburn & Thacher,* for the motion.

*Offield & Towle, contra.*

BLODGETT, J., *(orally.)* The question is whether under the act of March 3, 1887, this court has jurisdiction, or can obtain jurisdiction, in a case for infringement of a patent, of a corporation created under the laws of another state, and which is averred to be a citizen of another state, although it is alleged that it has a place of business in this district, by service upon an agent of such corporation in this district. The first section of the act of March 3, 1887, after defining the jurisdiction of the circuit and district courts of the United States, proceeds: "And no civil suit shall be brought before either of said courts against any person by original process or proceeding in any other district than that whereof he is an inhabitant; but when the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant." Now, this is a suit under the patent laws of the United States, of which the federal courts have exclusive jurisdiction, without regard to the citizenship of the parties, and hence does not fall within the last clause of the excerpt just quoted from the statute; but it does seem to fall directly within the rule of the first clause quoted, that no defendant shall be sued in any other district than that whereof he is an inhabitant. From the judiciary act of 1789 to 1887 a defendant could be sued in the district whereof he was an inhabitant, or in which he was "found at the time of the service of the writ;" but the act of March 3, 1887, requires suit to be brought in the district whereof the defendant is an inhabitant, and drops from the law the provision that he may be also sued in any district where he may be found at the time of serving the process. The obvious purpose of this change was to protect persons in certain classes of cases from the expense and annoyance of being sued in districts which they might be merely passing through, or where they might be temporarily tarrying. "An inhabitant of a place is one who ordinarily is personally present there, not merely *in interne,* but as a resident and dweller therein." *Holmes* v. *Railroad Co.,* 9 Fed. Rep. 229. "Inhabitant: One who dwells or resides permanently in a place, or who has a fixed resi-

dence, as distinguished from an occasional lodger or visitor." Imperial Dict. "Inhabitant: 2. (Law.) One who has a legal settlement in a town, city, or parish; a resident." Webster. "Inhabitant: A dweller or householder in any place." Toml. Law Dict. I am not aware that the term "inhabitant," as applicable to a corporation in a case like this, has ever been judicially defined, but it seems to me a corporation must be held to be an inhabitant of the place where it has its principal place of business, where its corporate offices and records are kept, and its corporate meetings are lawfully held. A corporation, like an individual, may have agents representing it in a district of which it is not an inhabitant; and no reason is perceived why it can be sued outside of the district where its principal corporate business is done by service on its agent, which would not allow an individual to be so sued. And if a natural person, charged with the infringement of a patent, can only be sued in the district of which he is an inhabitant, I can see no good reason why a corporation is not entitled to the same protection under this law. This defendant is a corporation created by the laws of the state of Connecticut. The bill also avers that it is a citizen of the state of Massachusetts, and has its principal office in the city of Boston, in that state, and hence, by the showing of the bill, it may be an inhabitant of Boston; although I do not intend to pass on that question here. Waiving the question whether a corporation can be a citizen or inhabitant of any state except that from which it has obtained its corporate rights and existence, it is quite clear to me that it cannot be a citizen or inhabitant of more than one place; and although the bill states that this defendant does business in this district, that cannot make the corporation an inhabitant of the district so long as its principal offices are elsewhere. It seems to me that, according to this bill, this corporation is either an inhabitant of Connecticut or Massachusetts, and therefore it can only be sued in those states. Certain states have enacted statutes which require that corporations, like insurance companies, incorporated in other states, shall, as a condition upon which they will be permitted to do business in the state enacting such statutes, appoint agents upon whom process may be served; but there is no such statute in this state which applies to this defendant. I am therefore of opinion that this cause should be dismissed for want of jurisdiction.