PRESTON *v.* FIRE-EXTINGUISHER MANUF'G Co. *et al.*

(*Circuit Court, N. D. Illinois.* November 5, 1888.)

COURTS—FEDERAL COURTS—VENUE—ACTIONS AGAINST CORPORATIONS.
      Under act Cong. March 3, 1887, as modified and explained by act August 13, 1888, requiring an action in the federal courts to be brought in the district of which defendant is a resident, a New York corporation, having its principal office in that state, and doing business in Illinois, cannot be sued in the federal courts in Illinois.

In Equity.   On plea to the jurisdiction of the court.

Bill by E. B. Preston against the Fire-Extinguisher Manufacturing Company and others to enjoin the infringement of complainant's patent.

*Munday, Evarts & Adcock,* for complainant.

*Banning & Banning & Payson,* for defendants.

BLODGETT, J.   These cases are now before me upon a plea filed in each cause to the jurisdiction of the court.   The plea sets up by way of challenge to the jurisdiction of the court the fact that this defendant, the Fire-Extinguisher Manufacturing Company, at the time of the filing of the bill of complaint, was a corporation duly organized and existing under and by virtue of the laws of the state of New York; that it has its principal office, and keeps its books of account, in that city; and that no stockholder, officer, or director resides in this district or state; that said company was not prior to nor at the date of the filing of the bill of complaint an inhabitant of the Northern district of Illinois, or of the state of Illinois.   In the case of *Manufacturing Co. v. Manufacturing Co.*, 34 Fed. Rep. 818, before me in March last, I had occasion to examine this question, and there came to the conclusion that, under the act of March 3, 1887,—and the same holds good in regard to the act as explained and modified by the act of August 13, 1888,—a non-resident corporation cannot be sued in this district; that is, a corporation not a resident of this district cannot be sued here merely by service upon an agent or officer. The opinion in that case has been published, and counsel are familiar with it, so it is hardly necessary to quote from it.   It is enough to say that the act of 1887 requires suit to be brought in the district whereof the defendant is an inhabitant, but drops the provision in prior statutes upon the subject, that he may also be sued in any district where he may be found at the time of the serving of the process.   I have re-examined that question in the light of suggestions made by counsel for complainant, and still adhere to the conclusion there announced, that a corporation created and existing solely under the laws of another state, and having its principal office and place of business in another state and district, cannot be said to be an inhabitant of this district, and be sued here, even although such corporation may do business in this district through agents, except possibly in cases where the jurisdiction depends solely on citizenship.   The agents can undoubtedly be sued here, if the case is such as to make them personally liable, or when an injunction is sought against

v.36F.no.12—46

them. The statute of the state of Illinois (section 26, c. 32, Rev. St. Ill.,) which provides that foreign corporations shall be subject to all the liabilities, restrictions, and duties that are or may be imposed upon domestic corporations, I do not think helps the complainant in this case, as it has nothing to do with the question of jurisdiction, or of the tribunal in which suit shall be brought. It simply makes foreign corporations subject to the same liabilities as home corporations. It does not reach the question as to what tribunal you are to go into. The bill charges defendant with the infringement of a patent owned by complainant, and it was stated on argument as to the sufficiency of this plea that defendant has a factory in this district, and manufactures the infringing machines here, and nowhere else, as a reason why defendant may be sued here. It is very plain that if an individual, an inhabitant of another state, owned and carried on this factory, conducting its business through his agents and employes, he could not be sued in this district under the present law; and I see no reason why the same rule is not applicable to corporations of other states. In other words, it seems to me a corporation can, by state comity, carry on business in a state outside of that by which it was created without becoming an inhabitant of such outside state. The plea in each case is held sufficient.