## ADRIANCE, PLATT & CO. v. McCORMICK HARVESTING MACH. CO.

### (Circuit Court, N. D. New York. October 13, 1892.)

1. Patents for Inventions — Suits for Infringement — Suits Founded on Contract.

    The owners of certain patents granted to complainant the exclusive right to make, use, and vend the patented machines in specified territory of the United States, and also, "so far as they could control the same, the exclusive right to make the patented machines for sale in Europe, Australia, and South America." Thereafter the owners conveyed all their right in the patents to defendant, subject to the rights of the complainant, from which time complainant paid to defendant the royalties under its license. Subsequently complainant sued defendant to restrain it from manufacturing machines under the patent, for sale in Europe, Australia, and South America. *Held,* that under the conveyance to it defendant assumed no contract relation with complainant, and thereafter the suit was not founded upon the contract, but was an ordinary suit for infringement of a patent.

2. Same — Jurisdiction of Federal Courts—Districts.

    In a suit in which the jurisdiction of the circuit court is founded wholly or partly upon the patent laws of the United States, a corporation organized under the laws of another state cannot be sued in a state where it does business by a citizen of a third state. Shaw v. Mining Co., 12 Sup. Ct. Rep. 935, 145 U. S. 444, followed.

In Equity. Bill by Adriance, Platt & Co. against the McCormick Harvesting Machine Company for infringement of certain patents. On motion for preliminary injunction. Denied.

Geo. B. Selden, (Chambers & Boughton, of counsel,) for complainant.

John E. Brandeger, (R. L. Parkinson, of counsel,) for defendant.

WALLACE, Circuit Judge. The motion for a preliminary injunction must be denied, because, irrespective of any other considerations, the jurisdictional objection raised by the defendant is fatal to the suit. The bill alleges that certain letters patent of the United States for inventions in harvester and grain binding machines were granted to one Severance, the inventor; that Severance thereafter conveyed a two-thirds interest therein to Adsit and Baldwin; that thereafter Severance, Adsit, and Baldwin, being then the owners of all the patents, granted to the complainant, upon the condition of the payment of a royalty of five dollars on each machine, the exclusive right to make, use, and vend the patented machines in certain specified territory of the United States, and also, so far as they could control the same, the exclusive right to build the patented machines for sale in Europe, Australia, and South America; that thereafter the said Severance, Adsit, and Baldwin, being still the owners of the patents, transferred all their right, title, and interest therein to McCormick, subject to the rights of complainant under the license; that thereafter McCormick, being then the owner of the patents, granted and conveyed to the defendant the exclusive right to make, use, and vend the patented inventions throughout the United States, subject to the rights of the complainant; that since McCormick became the owner of the

patents the complainant has always paid him the royalties secured by the license agreement with the original owners, among them the royalties on all machines made by complainant and sold in foreign countries; and that the defendant, in violation of the complainant's exclusive rights, has made and sold machines containing the patented inventions in England, France, and Germany, and threatens to continue so to do. The prayer for relief is for an injunction and an accounting.

Upon the hearing of the motion there seemed to be reason to doubt whether the suit was not founded on the breach of contract between complainant and the original owners of the patents set forth, to which McCormick and his licensee, the defendant, had subsequently become parties. But an examination of the bill shows that neither McCormick nor the defendant has assumed any contract obligation to the complainant, and, notwithstanding what has taken place between the original owners and McCormick, and between McCormick and the complainant, and between McCormick and the defendant, upon the facts set forth the cause of action is the ordinary one for infringement of a patent, in which the complainant must establish his right in the usual way, and to which the defendant is at liberty to interpose all the defenses which exist in an infringement suit. It is in no sense a suit to enforce a contract, either specifically or by enjoining a breach. It follows that the jurisdiction of this court is not founded "only on the fact that the suit is between citizens of different states," within the terms of section 1 of the act of congress of March 3, 1887. Jurisdiction is also founded on the fact that the suit arises under the laws of the United States. The defendant, as a corporation of the state of Illinois, is not amenable in such a suit to the process of this court. Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. Rep. 935.

Injunction refused.