## CRAMER v. SINGER MANUF'G CO. et al.

(Circuit Court, N. D. California. November 27, 1893.)

CIRCUIT COURTS—JURISDICTION—FEDERAL QUESTION—CORPORATIONS.
    When federal jurisdiction depends upon the subject-matter, as in patent suits, a corporation cannot be sued, under the act of 1888, § 1, outside the state of its incorporation, although it has branch offices in other states.

At Law. Action by Herman Cramer against the Singer Manufacturing Company and Willis D. Fry for infringement of a patent. Heard on separate demurrers to the complaint. Demurrer of Singer Company sustained, and that of Fry overruled.

John L. Boone, for plaintiff.
Wheaton, Kalloch & Kierce, for defendants.

McKENNA, Circuit Judge, (orally.) This is a complaint for an infringement of a patent. The defendant is alleged to be a corporation created under the laws of New Jersey, but having a branch establishment in San Francisco. The defendant company demurs for want of jurisdiction, in this: that jurisdiction of the case in this court is on account of subject-matter, not residence of parties, and the defendant therefore not liable to be sued outside of New Jersey. The demurrer of Fry was on the ground of misjoinder, in this: he is joined with the Singer Manufacturing Company, and over the latter this court has no jurisdiction. The first section of the act of 1888 provides:

"When jurisdiction in the circuit court depends upon the subject-matter of the action the defendant must be sued in the district of which he was an inhabitant. When it depends on diversity of citizenship alone the suit may be brought in the district of residence of either party."

This section is fully considered by the supreme court in Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, and it was held that, (I quote syllabus:)

"Under the act of March 3, 1887, c. 373, § 1, corrected by the act of August 13, 1888, c. 866, a corporation incorporated in one state only cannot be compelled to answer, in a circuit court of the United States held in another state in which it has a usual place of business, to a civil suit at law or equity brought by a citizen of a different state."

See, also, to the same effect, Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44; also Adriance Platt & Co. v. McCormick, etc., Mach. Co., 55 Fed. 288. In Empire Coal & Transp. Co. v. Empire Coal & Min. Co., 14 Sup. Ct. 66, filed in the supreme court on the 6th of this month, the doctrine is again affirmed that a corporation is a citizen of the state in which it was incorporated.

The demurrer of the Singer Manufacturing Company is sustained: that of Fry is overruled.