GORHAM MANUF'G CO. v. WATSON et aL

(Circuit Court, D. Massachusetts. May 20, 1896.)

CIRCUIT COURTS—JURISDICTION OVER PARTIES—PATENT SUITS.
The provisions of the judiciary act of March 3, 1887, in relation to the districts in which parties may be sued, apply to patent infringement suits; and such a suit cannot be maintained in one district against a corporation which is a citizen and inhabitant of another district and state. Donnelly v. Cordage Co., 66 Fed. 613, followed.

This was a suit by the Gorham Manufacturing Company against Clarence L. Watson, the Watson & Newell Company, and others, for infringement of a patent. The cause was heard on demurrer to the bill for want of jurisdiction.

William A. Jenner, for complainant.
Charles E. Mitchell, for defendants.

COLT, Circuit Judge. This is a suit brought in the district of Massachusetts for the enforcement of a patent right. The complainant is a citizen and inhabitant of Rhode Island. The defendant corporation is also a citizen and inhabitant of Rhode Island, and has appeared specially and demurred to the bill upon the ground of want of jurisdiction. This demurrer raises the question whether the act of March 3, 1887 (24 Stat. 552), as corrected by the act of August 13, 1888 (25 Stat. 433), is applicable to suits for the enforcement of a patent right, brought against a citizen or inhabitant of the United States. Until this precise question shall have been au-

thoritatively determined by the supreme court or by a circuit court of appeals, this court will follow its decision in Donnelly v. Cordage Co., 66 Fed. 613, which holds that the acts of 1887 and 1888 include this class of cases. It follows that this suit, as against the defendant corporation, not being brought in the district "whereof he [the defendant] is an inhabitant," cannot be maintained, and that the demurrer must be sustained.

The bill is also directed against certain individuals, citizens of Massachusetts. The bill alleges that, before and up to the time of the incorporation of these defendants as the Watson & Newell Company, they had transacted business as co-partners, under the firm name of Watson, Newell & Co., at Attleboro, Mass.; that the firm turned over its business to the corporation about June, 1895; that the corporation succeeded to the business of the firm; that the members of said co-partnership became the directors, managers, and stockholders of said corporation; that the said Ripley became the president and a director, the said Gowan the treasurer and a director, and the said Watson and Newell directors; that the corporation has continued the business by the direction of, and under the supervision and management of, the defendants Watson, Newell, Ripley, and Gowan. These allegations are not denied. Upon this state of proof, I think the complainant has made out a case which makes these defendants personally liable to an injunction.

Upon the question of infringement I entertain no doubt. The patent is for a design for the handle of spoons and similar articles, granted to George Wilkinson, August 29, 1893. A comparison of the defendants' design with the patented design shows a close imitation. It is true that, upon careful inspection, there are certain differences in detail, composition, and outline; but these differences are not apparent, and would not be observed by the ordinary purchaser, at least until after attention had been called to them. It is sufficient for the purpose of determining this motion that, in my opinion, the general resemblance between the two designs would deceive ordinary observers and purchasers, although expert dealers in the trade might at once detect certain differences of detail.

The demurrer is sustained, the bill to be dismissed, with costs as to the defendant the Watson & Newell Company. The motion for a preliminary injunction is granted against the defendants Watson, Newell, Ripley, and Gowan.