SEYBERT v. SHAMOKIN & MT. C. ELECTRIC RY. CO. et al.

(Circuit Court, M. D. Pennsylvania. June 18, 1901.)

No. 1.

1. JURISDICTION OF FEDERAL COURTS—RESIDENCE OF PARTIES—LOCAL SUITS.

In a suit in a federal court to foreclose a mortgage on property situated within the district, the jurisdiction of the court is not defeated by the fact that one of the defendants is not a resident of the district.

2. PROCESS—SUITS OF LOCAL NATURE—NONRESIDENT DEFENDANTS.

In a suit of a local nature in a federal court to enforce a lien on property, a nonresident defendant cannot be brought in by service of original process upon him in the district of his residence, as provided in Rev. St. § 741, such section having been superseded by section 8, Act March 3, 1875 (18 Stat. 472); but he must be brought in by an order made in accordance with the provisions of the latter section.

Demurrer to Plea to the Jurisdiction. Sur bill in equity to foreclose a mortgage.

Lyman D. Gilbert, F. M. Leonard, and A. B. Weimer, for plaintiff.

S. P. Wolverton, Voris Auten, and John G. Johnson, for defendants.

ARCHBALD, District Judge. The plaintiff, a citizen of Florida, brings this bill to foreclose a mortgage given by the Shamokin &

Mt. Carmel Electric Railway Company, a corporation of the state of Pennsylvania, to the Pennsylvania Company for the Insurance of Lives and Granting Annuities, as trustee for the bondholders, of whom the plaintiff is one. The mortgaged premises consist of 15 miles of street railway, located in the counties of Northumberland and Columbia in the Middle district, where this suit is brought, together with the rolling stock, barns, shops, offices, etc., belonging and appurtenant thereto. The service of the subpœna has been made upon the railway company by the marshal of this district, and an attempted service on the trustee at Philadelphia, where it is located, by the marshal of the Eastern district, under section 741 of the Revised Statutes. According to the views expressed by Mr. Justice Brown in Greeley v. Lowe, 155 U. S. 58, 15 Sup. Ct. 24, 39 L. Ed. 69, this section has been superseded by Act March 3, 1875, § 8 (18 Stat. 472), and this latter service is therefore of no effect, and the trustee is not before the court, and will not be until there has been an order for it to appear and plead at a date certain, and due service of the same has been made upon it. This is a special method provided in the statute just cited to meet cases of this character, where the suit, being to enforce a lien, is local in its nature, and one of the defendants is not a resident of the district. 1 Desty, Fed. Prac. § 25. The street railway, however, has appeared, and now pleads that the court has no jurisdiction, because the trustee, the other defendant, is not a resident of the district. Reliance is placed upon the decision of the supreme court in Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635, where it is held that in a case depending solely upon the diverse citizenship of the parties, where one of the plaintiffs is a citizen of the state where the suit is brought, and the other of another state, they cannot unite in a suit in a district of one of them, even though the defendant be of a state different from both. But that was not a suit to enforce a lien, as the present suit is, and there is the distinction. The bearing of this is plainly pointed out in Greeley v. Lowe, 155 U. S. 58, 15 Sup. Ct. 24, 39 L. Ed. 69, already referred to, which governs the case. On the authority of that decision, the plea must be overruled, and the defendant directed to answer over. An order will also be made on the other defendant to appear and plead at the same time. The question whether the rights of the plaintiff as a bondholder can be pursued in the present suit, the trustee being a citizen of Pennsylvania, the same as the street railway, by whom the mortgage is given, is not raised by this plea; the only asserted basis of it being the nonresidence of the other defendant, and is not decided.

The plea of the Shamokin & Mt. Carmel Railway Company, defendant, to the jurisdiction of the court is overruled, and the said defendant is required to answer over within 10 days from this date.