## MELVIN LLOYD CO. et al. v. STONITE PRODUCTS CO. et al.

### No. 20.

District Court, W. D. Pennsylvania.
Oct. 15, 1940.

Brooks, Curtze & Silin, of Erie, Pa., for plaintiffs.

Caesar & Rivise, of Philadelphia, Pa., for defendants.

SCHOONMAKER, District Judge.

This is a patent suit charging defendants with infringement of Melvin Patent No. 1,777,759 for a boiler stand.

The complaint charges that defendant, Lowe Supply Company, is a resident of Erie; that the defendant, Stonite Products Company, is a resident of Philadelphia in the Eastern District of Pennsylvania; and that the acts of infringement occurred in this district.

The summons and complaint were served on defendant, Stonite Products Company, in Philadelphia in the Eastern District of this state. Defendant has moved to dismiss this action and to quash the service of the summons and complaint on the ground that the court is without jurisdiction of this defendant.

The venue in patent suits is fixed by 28 U.S.C.A. § 109 (Judicial Code Sec. 48), which provides: "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, * * * shall have committed acts of infringement and have a regular and established place of business."

The Supreme Court, in considering this section, has said: "Section 48 relates to venue. It confers upon defendants in patent cases a privilege in respect of the places in which suits may be maintained against them. And that privilege may be waived." General Electric Co. v. Marvel Co., 287 U.S. 430, 435, 53 S.Ct. 202, 204, 77 L.Ed. 408.

█ However, in the instant case, there has been no waiver, and we must conclude that the defendant, Stonite Products Company, is not suable in this district in a patent infringement case. This view is supported by Moto Shaver v. Schick Dry Shaver, 9 Cir., 100 F.2d 236.

█ The plaintiffs urge that this court acquired jurisdiction over the defendant, Stonite Products Company, by service of the summons and complaint in Philadelphia, under the provisions of 28 U.S.C.A. § 113 (Sec. 52 Judicial Code), which provides that in cases where there are more than one district in a state, and there are two or more defendants residing in different districts of the state, suit may be brought in either district, and a duplicate writ may be issued to the marshal of the other district and served there by the marshal; and the case shall then be proceeded with as one suit.

In our view, the statute does not apply to patent suits, because the venue in patent suits may be laid only in a district where the acts of infringement occurred, and where the infringer has a regular and established place of business. Such is not the case in the instant suit.

Judge Dickinson of the Eastern District of Pennsylvania expressed the contrary view in Zell v. Erie Bronze Co., D.C., 273 F. 833. However, we cannot agree with that view. Counsel for plaintiff also cite the opinion of Judge Maris in Nakken Patents Corporation v. Westinghouse Electric & Manufacturing Co., D.C., 21 F.Supp. 336, as supporting their position. We have read this opinion, but cannot find that Judge Maris passed upon the question at all.

The motion to dismiss and quash the service as to defendant Stonite Products Company must be granted. An order may be submitted accordingly.