## PARK–IN THEATRES, Inc. v. OCHS et al.
### Civil Action No. 876.

District Court, S. D. Ohio, W. D.
Sept. 24, 1947.

Philip C. Ebeling and Pickrel, Schaeffer & Ebeling, all of Dayton, Ohio, Samuel E. Darby, Jr., of New York City, and Leonard L. Kalish, of Philadelphia, Pa., for plaintiff.

Lawrence L. Biebel and Marechal & Biebel, all of Dayton, Ohio, and Albert L. Ely, Jr., and Ely & Frye, all of Cleveland, Ohio, for defendants.

NEVIN, District Judge.

This is a patent suit in which plaintiff charges defendants with infringement of certain claims of patent No. 1,909,537, of which plaintiff claims to be the sole and exclusive owner. Plaintiff prays for damages.

Plaintiff filed its complaint on June 27, 1947. The defendants named in the complaint are those named in the above caption.

On July 24, 1947, defendants Herbert J. Ochs, the Ohio Drive-In (Theatre) Management Co., Samuel T. Haas and the Eaton Pike Land Co., appearing solely and specially for the purposes of the motion only, filed a motion for dismissal of the action as to each of them respectively. As set forth in the motion, the grounds thereof are as follows:

(a) Improper venue as to each of Herbert J. Ochs, The Ohio Drive-In Management Company, Samuel T. Haas, and The Eaton Pike Land Company, and, additionally, (b) Insufficiency of service of process as to the corporate defendants The Eaton Pike Land Company and The Ohio Drive-In Management Company (apparently misnamed in the complaint as "The Ohio Drive-In Theatre Management Company").

In support of their motion and simultaneously with the filing thereof on July 24, 1947, the defendants named in the motion filed affidavits of Herbert J. Ochs, Samuel T. Haas, Thomas R. Wasson and Albert L. Ely, Jr.

On September 26, 1947, a supplemental affidavit of Thomas R. Wasson was filed.

No counter affidavits have been filed by or on behalf of plaintiff.

The motion came on for hearing orally before the Court on a regular motion day, to-wit, September 15, 1947. No one— neither counsel nor anyone else—appeared on behalf of plaintiff. The motion was presented orally on behalf of defendants as shown by the record of the Court Reporter. Defendants attached to and filed with their motion on July 24, 1947, a "Memorandum." Plaintiff has filed no response to this "Memorandum."

█ (a) Upon a consideration of the first ground of the motion, the complaint, the affidavits and the whole of the record before it, the Court is of the opinion and so finds, that the motion to dismiss because of improper venue is well taken and that it should be, and it is, sustained.

█ Section 48 of the Judicial Code, 28 U.S.C.A. § 109, is the exclusive provision controlling Venue in Patent Infringement proceedings. Stonite Co., v. Melvin Lloyd Co., et al., 315 U.S. 561, 563, 62 S.Ct. 780, 86 L.Ed. 1026; American Chemical Paint Co., v. Dow Chemical Co., 6 Cir., 161 F.2d 956, decided May 26, 1947.

It is true that in paragraphs 2(a), 2(b), 2(c), 2(e) of the complaint it is alleged with respect to each of these defendants that he or it "has a regular and established place of business at 6500 West Third Street, Dayton, Ohio," but the undisputed evidence, as adduced from the affidavits, is clearly to the effect that these allegations are wholly incorrect and that the defendants do not have a regular and established place of business at 6500 West Third St., Dayton, Ohio, nor do they have a regular and established place of business at 2700 Valley Street, Dayton, Ohio, as is alleged as to each of them except The Eaton Pike Land Co.

Defendants Samuel T. Haas and Herbert J. Ochs in their respective affidavits, recite that they reside in the Northern District

of Ohio, defendant Haas, at Shaker Heights, Ohio, and defendant Ochs in Cleveland, Ohio, and they state that the principal office of the Ohio Drive-In Management Company is at 601 Buckley Building, Cleveland, 15, Ohio, and that the principal office of The Eaton Pike Land Company is at 540 Leader Building, Cleveland, 14, Ohio, and that neither one of these companies has any principal office or place of business at any other address or any place in the Southern District of Ohio.

Plaintiff seems to recognize the accuracy of these assertions upon the part of defendants Ochs and Haas personally, because the record shows that after the "Return on Service of Writ" by the Deputy Marshal for the Southern District of Ohio, wherein he stated that he was unable to locate the defendants Ochs and Haas in the Southern District of Ohio, and "therefore returned this Writ without service on them," plaintiff had an Alias Summons issued for service upon the defendants Ochs and Haas "to the United States Marshal for the Northern District of Ohio, at Cleveland, Ohio."

(b) The United States Marshal states on his "Return on Service of Writ" that he served "the within named 'Ohio Drive-in Theatre Management Company' * * * and * * * The Eaton Pike Land Company at 6500 West Third Street, Dayton, Ohio, by leaving a true copy * * * with Mr. Thomas R. Wasson, Manager of the Drive-In Theatre, at 6500 West Third Street, Dayton, Ohio."

■ It clearly appears from the affidavits (the correctness of which is not disputed) that Mr. Wasson is not an employee or agent of either of these defendant companies or of any of the defendants named in the motion, and that he was not a proper party upon whom to serve the summons.

It appears further from the record, that there is no such company or corporation as the "Ohio Drive-In Theatre Management Company." The correct name is the Ohio Drive-In Management Company.

The motion to quash the service as to the defendants The Eaton Pike Land Company and Ohio Drive-In (Theatre) Management Company is sustained and granted, as is also the motion to dismiss as to the defendants Herbert J. Ochs, The Eaton Pike Land Company, Samuel T. Haas and Ohio Drive-In (Theatre) Management Company.

Counsel may prepare and submit an order dismissing the suit at plaintiff's costs, as to the defendants Herbert J. Ochs, The Eaton Pike Land Company, Samuel T. Haas and Ohio Drive-In (Theatre) Management Company.