John H. EMERSON

v.

**NATIONAL CYLINDER GAS COMPANY**
**and Stanton Scientific Equip-**
**ment Co.**

**Civ. A. No. 54–900.**

United States District Court
D. Massachusetts.

Oct. 10, 1955.

4. "Mr. Mason: [After his statement quoted in note 1.] Does that answer your question?

"The Court: If you say you don't know whether it answers it or not, [more exactly I should have said, "If you say your reply doesn't answer it,"] you can hardly ask me whether it does or not."

272

See also 131 F.Supp. 299, 135 F. Supp. 268.

Robert Thompson, Boston, Mass., for plaintiff.

Herbert Kenway, Boston, Mass., for defendant.

ALDRICH, District Judge.

The plaintiff seeks to amend his complaint to allege infringement of an additional patent. Although the same acts that are asserted as constituting infringement of the patent already in suit are claimed as the infringement of the second patent, it is clear that this is a separate and new cause of action. The plaintiff frankly admits that the reason he seeks to amend, as distinguished from bringing a separate suit, is that the new suit would fail for want of venue as to one of the defendants if objection were made, Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (which defect that defendant states it does not wish to waive), and so to take advantage of and come under a stipulated waiver of venue already on file with relation to the existing suit. The plaintiff contends, in effect, that that waiver applied to all amendments which the court might thereafter make. This is a bootstrap argument, and would lead to extreme consequences. I will not hold that such waiver applies to an amendment bringing in a totally new cause of action not even in the mind of the plaintiff when it brought the original proceeding. The mere fact that it might be desirable to consolidate two actions for trial cannot of itself confer jurisdiction in this court over the second action, any more than could the desirability of joining two defendants. Stonite Products Co. v. Melvin Lloyd Co., supra.

In the case of Otis Elevator Co. v. 570 Building Corp., D.C., 35 F.Supp. 348, relied on by the plaintiff, the present question was not considered, and I will not follow it to the extent that it may be contrary to the decision herein. The motion to amend is denied.

■ Plaintiff asks to "place of record" that I committed myself at the hearing on the motion to the effect that if a separate suit is hereafter brought against that defendant which is amenable to this court I would consolidate it with the present action. I do not care to be thus committed in advance. If the question arises I shall pass on it after an opportunity to consider all of its ramifications, and to hear argument, which certainly did not take place at the previous hearing. The court does not appreciate an attempt to turn comments made during the argument of one matter into commitments as to future conduct of another.