**Edward L. KIRKLAND et al.,**
**Plaintiffs,**

v.

**The NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVIC-ES et al., Defendants.**

**No. 73 Civ. 1548.**

United States District Court, S. D. New York.

June 7, 1973.

Jack Greenberg, Jeffry A. Mintz, Deborah M. Greenberg, Morris J. Baller, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., State of N. Y., New York City, Attorney for defendants; Irving Galt, Asst. Atty. Gen., Stanley L. Kantor, Deputy Asst. Atty. Gen., of counsel.

## MEMORANDUM

LASKER, District Judge.

Defendants have moved to dismiss for improper venue, or, in the alternative, for a transfer of venue to the Northern District of New York. Defendants reside in the Northern, Eastern and Southern Districts of New York. Since jurisdiction is not predicated on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(b) or, since defendants

all reside in New York State, by 28 U.S.C. § 1392(a).

The former section provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." 28 U.S.C. § 1391(b). The latter states: "Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts." 28 U.S.C. § 1392(a). Defendants contend that the former section governs this case; plaintiffs rely on the latter.[1]

Defendants urge us to disregard the clear language of § 1392(a), because they see a conflict between the two sections, the proper resolution of which, they argue, requires the application of § 1391(b). Concededly, § 1392(a) is an exception to § 1391(b) and by definition, therefore, differs from it. It was "intended to do away with the insertion of special provisions preserving statewide venue in acts dividing a state into two or more judicial districts." Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 566, 62 S.Ct. 780, 783, 86 L.Ed. 1026 (1942) (footnote omitted). However, defendants argue that, since its primary purpose is to relieve plaintiffs of the burden of bringing multiple suits against defendants who reside in the same state, it should only apply if there is no district under the general venue provision in which all defendants are amenable to suit.[2] The cause of action having arisen, according to defendants,[3] in the Northern District, they argue that that district provides a forum in which all defendants could be sued under § 1391(b) and, accordingly, that § 1392(a) is inapplicable.

The difficulty with this position is two-fold. First, there simply is nothing in the Code which supports it, and in the face of § 1392(a)'s absolutely unambiguous language, we are hesitant to second-guess Congress in this manner. Second, taken to its logical extreme, defendants' interpretation would altogether nullify § 1392(a).

Since the amendment to § 1391(b) in 1966 to allow suit in a district "in which the claim arose," there will always be a district in which all defendants are amenable to suit. Accordingly, if defendants are correct that § 1392(a) *only* applies when § 1391(b) does not provide a forum where all defendants can be sued, then § 1392(a) would have been, in effect, repealed by the 1966 amendment. We find no basis for believing—and defendants have cited no authority—that

---

1. Plaintiffs also contend that deefndants have waived their objection to venue. Defendants claim that there is no waiver, because service upon them was improper and their time to answer or move has not yet begun to run. We believe that defendants' position is correct and ordinarily would order that they be reserved, the action to continue without abatement. We will not do so here, however, since the Attorney General, who represents defendants, has indicated that, as long as their objection to venue (which we have decided on the merits) is preserved, defendants do not seek to oblige plaintiffs to serve them anew. The Attorney General has also stated that he cannot waive personal service on state officials to the extent that they are sued individually. Since recovery against them individually is virtually inconceivable, personal service on them appears to us unnecessary.

2. Defendants rely heavily for this point, and for general support of their proposed reconciliation of §§ 1391(b) and 1392(a), on Hawks v. Maryland & P. R. Co., 90 F.Supp. 284 (E.D.Pa.1950) and De George v. Mandata Poultry Co., 196 F.Supp. 192 (E.D.Pa.1961). The former supports their position but the latter, a later case from the same district, is to the contrary, allowing venue to be laid under § 1392(a), despite the availability of a single forum under § 1391(a).

3. We are far less confident than defendants that the cause of action in fact arose in the Northern District. However, in view of the applicability of § 1392(a), it is unnecessary to discuss this problem further.

Congress intended to repeal § 1392(a) in such a backhanded manner.

Defendants seek, alternatively to dismissal, to have the case transferred to the Northern District pursuant to 28 U.S.C. § 1404(a). We do not think that the facts which have been presented to us justify such a move. Plaintiffs reside in the Eastern and Southern Districts. Most members of plaintiffs' proposed class reside or are employed in the Southern District. Although some individual defendants reside in the Northern and Western Districts, their active personal participation in the case will be nominal or nonexistent. The state agencies which are sued have offices in New York City and the Department of Correctional Services operates correctional facilities in the Southern District. In view of the above, the fact that some inconvenience to defendants may result from suit here (for example, certain records will have to be brought from Albany) does not justify overriding the preference which must be accorded plaintiffs' choice of venue. *See* Levin v. Mississippi River Corp., 289 F.Supp. 353, 359–360 (S.D.N.Y.1968).

Accordingly, defendants' motion to dismiss or transfer is denied.

It is so ordered.