CALIFORNIA IRRIGATION SERVICES, INC., a California corporation, dba Landscape Products Co.; Turfgrass Products Corp., a Florida corporation, and Ewing Irrigation Products, Inc., a California corporation, Plaintiffs,

v.

BARTRON CORPORATION, a California corporation, Ron Hill, individually, dba Ron Hill Sales, and Sprinkler Irrigation Specialists, Inc., a California corporation, Defendants.

No. C 85–3221 TEH.

United States District Court, N.D. California.

July 31, 1985.

Stephen M. Chandler, Chandler, Bruner, Dombrink & Ricks, San Leandro, Cal., for plaintiffs.

Price, Gess & Ubell, Franklin D. Ubell, Newport Beach, Cal., Pillsbury, Madison & Sutro, Robert P. Taylor, Kathleen O'Reilly, San Francisco, Cal., for defendants Bartron Corp. and Ron Hill.

Kuhn, Thomas & Levy, Richard R. Kuhn, San Rafael, Cal., for defendant and counterclaimant Sprinkler Irr. Specialists.

ORDER

THELTON E. HENDERSON, District Judge.

The motion to dismiss of defendants Bartron Corporation and Ron Hill came on regularly for hearing on July 15, 1985. Franklin D. Ubell appeared on behalf of defendants and Stephen M. Chandler appeared on behalf of plaintiffs. Defendants argue for dismissal on the grounds that venue is improper with respect to the patent infringement claim and that the court lacks subject matter jurisdiction with respect to the trade secrets claim. A third defendant, Sprinkler Irrigation, is not a party to the motion.

Having carefully considered both parties' papers and arguments, the court HEREBY DENIES the motion to dismiss, and ORDERS that the case as to defendants Bar-

2

tron and Hill be transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a). The court FURTHER ORDERS that proceedings before it as to defendant Sprinkler Irrigation Specialists be stayed pending resolution of the action in the Central District. The reasons for the court's decision are set forth below.

## A. *Subject Matter Jurisdiction over Trade Secrets Claim*

■ Under 28 U.S.C. 1338(b), this court has jurisdiction over the pendent trade secrets claim. . It is both substantial and related to the patent infringement claim, as the complaint alleges that the stolen trade secrets had to do with the manufacture, marketing and royalties of Grass-Cel Structures, the same product whose patent is claimed to be infringed by the manufacture and sale of Grassroad Pavers. *Wham–O– Mfg. Co. v. Paradise Mfr. Co.*, 327 F.2d 748 (9th Cir.1964); *Pursche v. Atlas Scraper and Engineering Co.*, 300 F.2d 467 (9th Cir.1962).

## B. *Venue*

■ The court holds that venue is improper as to both Bartron Corporation and Ron Hill. The exclusive venue statute in patent infringement cases is 28 U.S.C. 1400(b), *Fourco Glass Co. v. Transmirra Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); *Stonite Products v. Melvin Lloyd Co.*, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942). Under this statute, venue is proper for a defendant either in the district 1) where he resides *or* 2) where he has a regular and established place of business *and* an act of infringement occurred.

### 1. *Bartron Corporation*

It is undisputed that Bartron Corporation is a California corporation with its principal

place of business in the Central District. In addition, plaintiffs do not allege that Bartron has an established place of business in the Northern District. The issue as to Bartron is therefore whether residence for a corporation under § 1400(b) is limited to the district in defendant's state of incorporation where its principal place of business is located, or whether, as· plaintiffs contend, it includes every district in the state of incorporation.

*Stonite, supra,* held that the antecedent to the present § 1400(b) must be strictly construed and could not be enlarged by the antecedent to 28 U.S.C. 1392(a), a general venue statute which provided that a civil action against defendants residing in different districts in the same state may be brought in the district where one defendant resides.[1] In that case, Stonite, an inhabitant of the Eastern District of Pennsylvania, did not have an established place of business in the Western District of Pennsylvania where the action was brought; his codefendant, however, did have an established place of business in the Western District. The court upheld a District Court decision to dismiss *Stonite* for improperly laid venue.

■ The facts in *Stonite* are similar to those in the instant case. Bartron Corporation has its principal place of business in the Central District and no established place of business in this district. Although *Stonite* does not spell out the standard for inhabitant (or resident) of a district, from the facts and the holding, we conclude that for the purposes of § 1400(b), a defendant corporation resides in the district in its state of incorporation where its principal place of business is. Moore's *Federal Practice* § 0.144[9] n. 23 at 1505; Wright, Miller and Cooper, *Federal Practice and Procedure,* Jurisdiction, § 3823, n. 40 at 141–142. Venue as to Bartron Corporation,

1. *Fourco, supra,* affirmed the general principle in *Stonite* which was challenged because of a revision of the statute. The *Fourco* court held that the new 1400(b) was essentially the same as its predecessor and that the word "resident" in the new statute was equivalent to "inhabitant" in the predecessor statute.

**3**

therefore, is improperly laid in the Northern District.

### 2. *Hill*

Plaintiff's only basis for alleging proper venue as to Hill is that he is the alter ego of Bartron Corporation. Since venue is improper as to Bartron, and since Hill undisputedly resides in the Central District, we find that venue is improper as to Hill in the Northern District.

### C. *Transfer and Stay*

Although we conclude that venue is improper with respect to defendants Bartron and Hill, dismissal is not required. Rather under 28 U.S.C. 1406(a), this court, in the interests of justice, may transfer a case in which venue is improper to any district in which it could have originally been brought. Defendants indicated in their papers and in oral argument that they do not oppose a transfer to the Central District where venue is proper with respect to them. We conclude that such a transfer is in the interests of justice since it is the only proper forum for plaintiffs' suit against Bartron Corporation and Hill.

Given our decision to transfer the case with respect to Bartron and Hill, we further conclude that it is in the interest of justice to stay any further proceedings before this court as to defendant Sprinkler Irrigation Specialists pending the resolution of the action in the Central District. *Leesona v. Cotwool,* 308 F.2d 895 (4th Cir. 1962); *Mobil Oil Corp. v. W.R. Grace & Co.,* 334 F.Supp. 117, 123–34 (S.D.Tex. 1971).

Accordingly, and good cause appearing therefor, the court HEREBY ORDERS that the motion to dismiss be denied; that the case as to defendants Bartron Corporation and Hill be severed pursuant to Fed.R. Civ.P. § 21 and transferred from the Northern District of California to the Central District of California pursuant to 28 U.S.C. § 1406(a); and that the proceedings against defendant Sprinkler Irrigation Spe-

cialists be stayed pending resolution of the action in the Central District.

IT IS SO ORDERED.