### GIBBS v. EMERSON ELECTRIC MFG. CO. et al.

#### No. 263.

District Court, W. D. Missouri, W. D. Sept. 18, 1939.

Walter A. Leimer, of Kansas City, Mo., for plaintiff.

Lawrence C. Kingsland, of St. Louis, Mo. (Edmund C. Rogers and Estill E. Ezell, both of St. Louis, Mo., of counsel), for defendant Emerson Electric Mfg. Co.

Alfred R. Fuchs, of Kansas City, Mo., for defendant Missouri Valley Electric Co.

REEVES, District Judge.

The two questions among others arising in this case are, first, on a motion to dismiss, and, second, on a motion to quash service of process as to one of the defendants. These will be considered in their order.

On the motion to dismiss: The suit involves a patent infringement, and the plaintiff avers that one of the defendants owned a part interest in said patent and that the plaintiff and said defendant are co-owners of the fee simple title. These averments are covered by paragraphs 5 and 6 of the complaint, and are as follows:

"5. That said Eugene B. Berkowitz has or claims some interest in the subject matter of this cause of action by virtue of an assignment of a one-half interest in the invention of plaintiff Orma L. Gibbs, prior to the issue of the patent thereon, hereinafter mentioned. That said defendant Eugene B. Berkowitz, has been requested by plaintiff Orma L. Gibbs to become a plaintiff in the within action but has refused to do so and has therefore been made a defendant."

"6. That on September 17, 1934, United States Letters Patent No. 2,032,610, were duly and legally issued to plaintiff for an invention in an electric fan; and since that date plaintiff has been and still is the owner of those letters patent subject to the assignment of a one-half interest to said Eugene B. Berkowitz as previously set forth."

While Rule 19(a), 28 U.S.C.A. following section 723c, allows a plaintiff to make a recalcitrant interested person a party defendant, nevertheless it is contended that this rule does not apply in patent cases due to the peculiar nature of a patent as property.

In 48 C.J. Section 365, p. 238, relating to the subject of rights, powers and liabilities of co-owners of patents, the text is illuminating, and is as follows: "The use of a patent right is different from the use of any other property, and in determining the rights, powers, and liabilities of coowners of patents it is not safe to follow the rules adopted in regard to coowners of ordinary chattels. *The nature of a patent is such that joint owners in it are at the mercy of each other.* In the absence of a special agreement, each coowner may manufacture, use, and sell the patented invention with or without the consent of his coowner, no matter how small his interest may be, without liability to account for his individual use of the in-

vention, and without being liable to account for profits, unless such profits accrue after a joint owner has procured an assignment of his coowner's interest to himself by fraud."

In McDuffee et al. v. Hestonville, M. & F. Pass. Ry. Co., 162 F. 36, loc. cit. 38, 39, the Court of Appeals, Third Circuit, in commenting upon joint ownership of a patent used this language: *"Joint owners of a patent are at the mercy of each other.* Each of them may use or license others to use the invention without the consent of his fellows and without responsibility to such fellows for the profits arising from such use or license."

Also, in Aspinwall Manufacturing Co. v. Gill et al., 32 F. 697, loc. cit. 702, the Circuit Court of New Jersey, in discussing the question of joint ownership of a patent, said: "The exact mutual rights of part owners of a patent have never yet been authoritatively settled."

▇▇▇ The parties who own patents together have been variously defined. 48 C.J. Section 365, p. 237, in discussing the subject of Joint Owners, said in the text: "Where a patent is issued to two or more persons, they become coowners, or owners in common, or cotenants, or tenants in common, of the right and property secured by the patent. The assignment of an undivided interest in a patent right constitutes the assignee a joint owner with the assignor."

▇▇▇ From an examination of the authorities it appears that one joint owner or coowner or tenant in common of a patent right cannot compel the other coowner to join in a suit for an infringement, and neither can he make him a party defendant. This being the law, the plaintiff is not entitled to maintain this suit. It has been held that these are substantive rights and they cannot be controlled by adjective or procedural law.

2. On the motion to quash: It appears from the affidavit of the Secretary-treasurer of the defendant Emerson Electric Manufacturing Company, that it neither is engaged in the transaction of business in this judicial district, nor does it maintain an office in such district.

While the petition contains an averment that it has a place of business at 1709 Locust Street, Kansas City, Missouri, yet nevertheless the service of process was at-

tempted by delivering a copy of the summons and complaint "to W. J. Harrington, Comptroller of the within named Emerson Elec. Mfg. Co., a corporation, at St. Louis, Missouri." It is contended by the defendant that its motion to quash should be sustained, and it appears in this case solely for that purpose.

The statute is quite specific upon this subject. Section 109, Title 28 U.S.C., 28 U.S.C.A. § 109, undertakes to fix the venue for suits in patent cases. Venue can only be had for the infringement of letters patent "in the district of which the defendant is an inhabitant, or in any district in which the defendant * * * shall have committed acts of infringement and *have a regular and established place of business."*

It appears conclusively that the defendant Emerson Electric Manufacturing Company is not an inhabitant of the district, and has no regular and established place of business within the district.

▇▇▇ Rule 4(f) of the Rules of Civil Procedure permits the service of process "anywhere within the territorial limits of the state in which the district court is held." This liberal rule applies only where the venue will permit.

Rule 82 specifically provides that the rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the district courts of the United States *or the venue of actions therein."*

▇▇▇ The court has jurisdiction in patent cases, and, having jurisdiction of the subject matter, it can acquire jurisdiction of the person only where the statute so provides.

From Section 109 supra it is obvious that the court can only acquire jurisdiction of the person under the circumstances therein mentioned.

The case of General Electric Company v. Marvel Rare Metals Company, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408, does not support the plaintiff. In the General Electric Company case a counterclaim was filed by the defendant against the plaintiff for infringement of its patent. The plaintiff was not an inhabitant of the district, nor did it have a place of business in the district. It had not committed acts of infringement in the district. Nevertheless the court said that being purely a matter of venue, and as the court had jurisdiction

of the subject matter, the plaintiff could waive and had waived the question of venue, and that it did so by selecting its forum and bringing the defendant into court.

This opinion overruled opinions of district judges where the thought was expressed that even a counterclaim was subject to the limitations imposed in an original suit. In all things the Supreme Court in the General Electric Company case upheld the requirements and conditions of the statute.

Counsel for the Emerson Electric Manufacturing Company has called attention to several cases of district courts where the identical question was raised and the ruling was in accordance with the clear words of the statute.

In view of this, the motion to quash the service as to the Emerson Electric Manufacturing Company should be and is sustained.

Other grounds for dismissal were set out in the motion to dismiss, but in view of the above these need not be considered.