### ARKAY INFANTS WEAR, Inc. v. KLINE'S, Inc. et al.

#### No. 5712.

United States District Court
W. D. Missouri, W. D.
Aug. 10, 1949.

Claude A. Fishburn, Kansas City, Mo., Harry Price, New York City, for plaintiff.

Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., Watson, Ess, Whittaker, Marshall & Enggas, Kansas City, Mo., for defendant Famous-Barr Company.

Salkey & Jones, St. Louis, Mo., Kemp, Koontz, Clagett & Norquist, Kansas City, Mo., for defendant Kline's Inc.

RIDGE, District Judge.

In this infringement action the point is made that Section 1392(a) of the Revised Judicial Code, Title 28, U.S.C.A. § 1392(a), has changed the law relating to venue in such actions, as stated in Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 where suit is brought against two or more defendants residing in different judicial districts within the same State.

Plaintiff here joins Kline's Inc. and Famous-Barr Company as defendants. The former corporation has a regular established place of business in this district. The latter company is alleged to be a Missouri corporation, doing business in St. Louis, Missouri. In fact, there is no such corporate entity. May Department Stores Company, a New York corporation, is duly licensed and does business in St. Louis, Missouri, under the name of Famous-Barr Company. May Department Stores Company has appeared specially and moved to dismiss the complaint on the ground of misnomer and for lack of proper venue as to it. The cause of action alleged in the complaint is several as against the named defendants. It clearly appears herein that the May Department Stores Company (whether doing business as Famous-Barr Company, or otherwise) has no regular and established place of business within this judicial district and that it has committed no act of infringement in said district, but only does business in St. Louis, Missouri.

Plaintiff premises venue here as arising under Sections 1391(b), 1392(a) and 1400(b) of Title 28 U.S.C.A. Only the latter two of such sections need be considered in resolving the above proposition. In asserting venue under Sections 1392(a) and 1400(b) as against the May Company, plaintiff contends that the recent revision of the Judicial Code, repealed old Sections 48 and 52, old Title 28 U.S.C.A. §§ 109, and 113, and the same were replaced by new sections, "differently worded and in different order and sequence"; that as a consequence, and in light of the recent decisions in United States v. National City Lines, reported in D. C., 80 F.Supp. 734, and 334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584, infringement actions, not being founded solely on diversity of citizenship and not being of a local nature, may now be properly brought against two or more defendants residing in different judicial districts within the same State.

In Stonite Products Co. v. Melvin Lloyd Co., supra, it was held that Section 52 of the old Judicial Code, which permitted suits, not of a local nature, against two or more defendants residing in different judicial districts within the same State to be brought in either district, was inapplicable to patent infringement suits; that venue in such suits was governed exclusively by Section 48 of the Old Code. Section 1392(a), supra, is based on Section 52 of the old Judicial Code, and Section 1400(b), supra, is based on old Section 48 thereof. Certain parts of the old

100 .

sections have been omitted and the phraseology of the sections has been changed in the revision. See Revisor's Notes, 1948 Edition, Title 28 U.S.C.A., West Pub. Co.-Edw. Thompson Co., p. 1848. However, the only provision in new Section 1392(a), that is presently pertinent and we need here to consider, is that the words "civil action" have been inserted in said new section in substitution for the word "suit" as contained in old Section 52. It is that change in phraseology that is the premise of plaintiff's present contention. Plaintiff says that "any civil action" as used in new Section 1392(a), is all-inclusive, and must be so interpreted, as it was in United States v. National City Lines, supra; that when so considered, venue of this action as against the defendant May Department Stores Company is properly laid in this district. Plaintiff's contention cannot be sustained.

The sections under consideration are contained in the "Venue" chapter of the Revised Code, which provides general and special venue requirements in civil actions. Section 1392(a) is a general venue statute. Section 1400(b) is a special statute relating to venue in patent infringement actions. Such special venue statute requires that patent infringement actions be brought either in the district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Being based on former Section 48 of the Old Code, supra, the legislative history of said section, as delineated in the Stonite case, supra, is apposite here. From the legislative history of said section, it is manifest that venue in patent infringement actions against a non-inhabitant of the district in which such an action is brought, was intended by Congress to be limited to districts in which such a defendant "shall have committed acts of infringement and have a regular and established place of business." To give effect to that mandate in Section 1400(b), the phrase "any civil action" as used in Section 1392(a), supra, can have no application to patent infringement action. To

hold otherwise would be to nullify and hold inoperative such limitation on venue of federal courts over that class of actions, and deprive defendants in patent cases of the privilege granted them by Congress to have such suits maintained against them in the district where they have committed acts of infringement and have a regular and established place of business.

Motoshaver, Inc., v. Schick Dry Shaver, 9 Cir., 100 F.2d 236; Gibbs v. Emerson Electric Mfg. Co. et al., D.C., 29 F.Supp. 810.

The phrase "any civil action" contained in Section 1392(a) presupposes the existence of a joint cause of action against two or more defendants, residing in different districts within the same State. Such phrase is just as broad as the term "every suit" as used in old Section 52, supra. In the Stonite case, the latter term was held not to include patent infringement suits and we do not believe that the phrase "any civil action" as contained in Section 1392(a) can be said to apply to such actions. This for the reason that in a patent infringement action there can be no class action, or action against two or more defendants jointly, unless each person named in the class, or as defendant, lives in the district, or has committed an act of infringement within the district in which the action is brought. Cf. Sperry Products v. Ass'n of American Railroads, D. C., 44 F.Supp. 660. The facts here establish that the May Company has committed no act of infringement within this district and that it has no regular and established place of business here. As a consequence, this Court has no jurisdiction over the person of said defendant in this action.

United States v. National City Lines, relied on by plaintiff, does not compel an opposite ruling. Such decision is directed to Section 1404(a) of the New Code, relating to change of venue, after original venue has properly attached in an action. The Court there makes clear that it is only construing a statute which deals with the right of transfer of an action after it has been properly brought and that

the provisions of Section 1404(a) of the Code does not limit, or otherwise modify, any right granted by a statute that lays original venue.

Defendant May Department Stores Company's motion to dismiss this action as to it is by the Court sustained.