B. HELLER & COMPANY, Plaintiff,

v.

FIRST SPICE MANUFACTURING CORP. and First Spice Mixing Co., Inc., Defendants.

No. 58 C 687.

United States District Court
N. D. Illinois, E. D.
April 6, 1959.

Schneider, Dressler, Goldsmith & Clement, Chicago, Ill., for plaintiff.

Olson, Mecklenburger, VonHolst, Pendleton & Neuman, Chicago, Ill., for defendants.

CAMPBELL, District Judge.

This is a suit for infringement of plaintiff's Patent No. 2,491,646, which relates to a process of treating meat to improve its color by the use of nicotinic acid or a salt thereof.

Plaintiff alleges that defendant manufacturing company manufactures a product containing sodium nicotinate for the treatment of meat to improve its color and that defendant Mixing company is a sales company for the manufacturing company and sells the product. Plaintiff further alleges that neither defendant practices the process of the patent, but that each defendant is a contributory infringer of the patent under 35 U.S.C. § 271(c) because the manufacturing company makes and the mixing company sells a composition which is especially adapted to be used in an infringing process.

Defendants have appeared specially and move to quash return of service and to dismiss for improper venue.

The following basic facts are revealed in the pleadings, affidavits and briefs of the parties. Each of the two defendant corporations is a New York corporation whose principal activities take place in New York and who apparently carry on no business activities within this district except by participating as associate members in the regular annual meetings of the National Independent Meat Packers Association and the American Meat Institute in Chicago, Illinois. At these annual meetings defendants occupy space

rented to them for displaying their goods. Defendants' products are demonstrated and orders are solicited and taken by them during this exhibition. Defendant mixing company has, on occasion, sold the product in question within this district.

One Mr. Epstein, the president of each of the defendant corporations, was on April 19, 1958, served with process herein while he was in Chicago with a display of the goods of defendant mixing company in an exhibition booth during a period of three days as a part of a trade show held by the National Independent Meat Packers Association. This service the defendants now challenge by the pending motion.

The problems of jurisdiction and venue presented in patent infringement cases seem to me to have been mostly left unresolved in the scores of cases which have touched upon these subjects.

A simple and logical approach, yet one which has received little expression, might be to base jurisdiction of a foreign corporation in patent infringement cases upon the traditional test of "doing business" or upon the "minimum contacts" test thus establishing the "presence" of the corporation within the district. 28 U.S.C. § 1400(b) would then clearly relate to venue only which would simplify its interpretation and application.

Unfortunately, however, the interpretation of jurisdiction and venue in patent infringement cases is not that simple due to a half century of Congressional legislation and judicial interpretation.

Actions for infringement of patent, being transitory in nature, could formerly be brought in any district in which the defendant was an inhabitant, or could be found. In re Hohorst, 150 U.S. 653, 661, 14 S.Ct. 221, 37 L.Ed. 1211. However, by a statute of March 3, 1897, re-enacted by Act of March 3, 1911, Chap. 231, Sec. 48 (36 Stat. 1100; 28 U.S.C. § 109) such suits were restricted to the district of which the defendant was an inhabitant, or to any district in which the defendant whether a person, partnership, or corporation, committed acts of infringement and had a regular and established place of business. This section (28 U.S.C., 1940 ed., Sec. 109) provides:

"In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction in law or in equity, in the district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpoena upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

Thus it seems evident that Congress intended that the forum of a patent infringement suit should be one reasonably convenient to the defendant. Up-Right, Inc. v. Aluminum Safety Products, Inc., D.C., 165 F.Supp. 742. In the incorporation of Sec. 109 into our present Code, Congress made some changes in phraseology and also divided the section so that 28 U.S.C. § 1400(b) which specifically governs venue in cases of patent infringement provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Also, 28 U.S.C. § 1694 provides:—

"In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agents or agents conducting such business."

Thus, both sections employ the phrase "regular and established place of business" and both are based upon 28 U.S.C., 1940 ed., Sec. 109.

Venue in a general sense is a personal privilege of a party which may be asserted or waived. Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252; Cyclopedia of Federal Procedure, Sections 4.01, 4.49, 4.51. However, Congress has in many cases provided specifically in what districts only particular suits may be brought and where such venue statutes are jurisdictional, and not merely a privilege to a party for his convenience, a different situation exists. Granite Trust Bldg. Corp. v. Great Atlantic Pac. T. Co., D.C., 36 F.Supp. 77.

It is my opinion that such was the intention of Congress in enacting 28 U.S.C. 1940 ed. Sec. 109. The very wording of the statute "* * * the district courts * * * shall have jurisdiction * * * in the district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business. * * *" is indicative of such intention. Certainly, Congress has the power to so limit jurisdiction. Shelton v. Schwartz, 7 Cir., 131 F.2d 805, 807. The Supreme Court of the United States in construing this section stated:

"Section 48 (Sec. 109) *gives jurisdiction* of suits for patent infringement to the United States district courts in the district of which the defendant is an inhabitant or in any district in which the defendant shall have committed acts of infringement and have a regular and established place of business." Stonite v. Melvin Lloyd Co., 315 U.S. 561, 562, 62 S.Ct. 780, 86 L.Ed. 1026. (Italics supplied).

It is clear from this interpretation and numerous other cases construing Sec. 109, that jurisdiction of a district court over the *person* of a non-inhabitant defendant corporation depends upon the commission of acts of infringement and the existence of a "regular and established place of business" within the district. Blaw-Knox Co. v. Lederle, 6 Cir., 151 F.2d 973; Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir.,

134 F.2d 545; Shelton v. Schwartz, 7 Cir., 131 F.2d 805; James P. Marsh Corp. v. United States Gauge Co., 7 Cir., 129 F.2d 161; Phillips v. Baker, 9 Cir., 121 F.2d 752; Arkay Infants Wear v. Klines Inc., D.C., 85 F.Supp. 98; Gibbs v. Emerson Electric Mfg. Co., D.C., 29 F.Supp. 810.

Thus, under Sec. 109, if a non-inhabitant corporation does not commit an act of infringement within the district or does not have a "regular and established place of business" within the district, service of process upon the corporation, by any method and to any officer or agent will not act to give a district court jurisdiction over the corporation in a patent infringement action. Furthermore, the "doing business" in a district is not of itself sufficient to confer jurisdiction in patent infringement suits. See Phillips v. Baker, 9 Cir., 121 F.2d 752, 755, and cases there collected. For jurisdictional purposes, a corporation under Sec. 109 is only present within a district and amenable to service of process if it is an inhabitant of the district or if it has committed acts of infringement and has a "regular and established place of business" therein.

There is an exception to this rule which I shall here discuss. Unfortunately, this exception seems to have become confused because many cases have erroneously used and construed the terms "waiver" and "venue" in regard to Sec. 109. The principal decision and the one upon which most other decisions rely is General Electric Co. v. Marvel Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408. In this case, a counterclaim was filed by the defendant against the plaintiff for infringement of its patent. The plaintiff was not an inhabitant of the district, nor did it have a place of business in the district and had committed no acts of infringement within the district. It is true that in refusing to grant plaintiff's motion to dismiss the counterclaim for *lack of jurisdiction*, the Supreme Court in reference to Sec. 109 did use the term "venue" and made the statement that it was a privilege which could be "waived".

However, immediately following this statement, 287 U.S. at page 435, 53 S.Ct. at page 204, the Court concludes:

"This Court has recently declared that one who sues in a federal court of equity to enjoin the infringement of his patent, thereby *submits himself to the jurisdiction of the court* with respect to all issues of the case, including those pertaining to a counterclaim praying that he be restrained from infringing a patent of the defendant. * * * And that rule applies here." (Italics supplied)

Thus, it is clear that this decision deals with the submission of the corporate person to the jurisdiction of the court and must not be confused with the situation where the court has jurisdiction over the corporate person but the corporate person has a privilege of venue which it can assert or waive. (See my opinion in Rensing v. Turner Aviation Corp., D.C., 166 F.Supp. 790). Under Sec. 109, once the court has obtained jurisdiction over a corporation, there can be no venue privilege to assert or waive because the section is jurisdictional. Whether the rationale of the General Electric decision should be logically extended to cases wherein a defendant corporation by appearing generally and so consenting to litigate the cause submits itself to the jurisdiction of the court is not here before this court. But see Utah Radio Products Co. v. Boudette, 1 Cir., 78 F.2d 793, 800.

Section 109 is jurisdictional and in order for a corporation to be present within a district so as to be amenable to service of process in a patent infringement action, it must either be an inhabitant or have committed acts of infringement therein and have a regular and established place of business therein unless, under the principle enunciated in the General Electric decision, supra, it submits itself to the jurisdiction of the court in another manner.

It remains now but to establish whether or not Sec. 1400(b) (28 U.S.C. § 1400 (b)) and Sec. 1694 (28 U.S.C. § 1694) which are derived from Sec. 109 have in any way been altered so as to change their interpretation from that of Sec. 109.

The object of the new Federal Judicial Code was, as the title of the bill indicates, to revise and codify existing law. 8 F.R.D. 201. Where any change is made, it appears in the reviser's notes. 1948 U.S.Code Cong. Service, Special Pamphlet, pp. 1487–2174. Furthermore, Wm. W. Barron, Chief Reviser of Title 28 U.S.C. makes this statement in 8 F.R.D. 439 at pages 445, 446:

"Because of the necessity of consolidating, simplifying and clarifying numerous component statutory enactments no changes of law or policy will be presumed from changes of languages in revision unless an intent to make such changes is clearly expressed.

"Mere changes of phraseology indicate no intent to work a change of meaning but merely an effort to state in clear and simpler terms the original meaning of the statute revised.

"Congress recognized this rule by including in its reports the complete Reviser's Notes to each section in which are noted all instances where change is intended and the reasons therefore."

The Supreme Court in Fourco Glass Co. v. Transmirra Corp., 353 U.S. 222, on pages 226, 227, 77 S.Ct. 787, 790, 1 L.Ed. 2d 786, makes the following statement:

"As shown by their notes on § 1400(b), the Revisers placed the venue provisions. * * * of old § 48 (28 U.S.C. (1940 ed.) § 109), with word changes and omissions later noted, in § 1400(b), and placed the remainder, or process provisions, with certain word changes, in § 1694 of the 1948 Code. The Reviser's notes on § 1400(b) point out that 'Subsection (b) is based on section 109 of Title 28, U.S.C., 1940 ed., with the following changes:' (1) 'Words "civil action" were substituted for "suit", and words "in law or in equity", after "shall have jurisdic-

tion" were deleted, in view of Rule 2 of the Federal Rules of Civil Procedure'; (2) 'Words in subsection (b) "where the defendant resides" were substituted for "of which the defendant is an inhabitant"' because the 'Words "inhabitant" and "resident", as respects venue, are synonymous' (we pause here to observe that this treatment, and the expressed reason for it, seems to negative any intention to make corporations suable, in patent infringement cases, where they are merely 'doing business', because those synonymous words mean *domicile,* and, in respect of corporations, mean the state of incorporation only * * *; and (3) 'Words "whether a person, partnership, or corporation" before "has committed" were omitted as surplusage'.

"Statements made by several of the persons having importantly to do with the 1948 revision are uniformly clear that no changes of law or policy are to be presumed from changes of language in the revision unless an intent to make such changes is clearly expressed.

"The change of arrangement which placed portions of what was originally a single section in two separated sections cannot be regarded as altering the scope and purpose of the enactment. For it will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect unless such intention is clearly expressed. * * *

"In the light of the fact that the Revisers' Notes do not express any substantive change, and of the fact that several of those having importantly to do with the revision say no change is to be presumed unless clearly expressed, and no substantive change being otherwise apparent, we hold that 28 U.S.C. § 1400(b), 28 U.S.C.A. § 1400(b) made no substantive change from 28 U.S.C. (1940 ed.) § 109 * * *." (Also see

Gulf Research and Development Co. v. Schlumberger Well Surveying Corporation, D.C., 92 F.Supp. 16)

■■ Since there is no difference in the interpretation to be given Sec. 1400 (b) and Sec. 1694 as compared to Sec. 109, it is clear that the cases governing the interpretation of Sec. 109 must, as well, govern the interpretation of Sec. 1400(b) and Sec. 1694, even though Sec. 1400(b) is included in Chapter 87 of Title 28, which deals with venue. Since Sec. 109 has been interpreted as being jurisdictional, these sections must likewise be jurisdictional. See McGah v. V-M Corporation, D.C., 166 F.Supp. 662. Therefore, if a corporation in a patent infringement action is not a resident of a particular district or has committed no acts of infringement therein and has no regular and established place of business therein, the district court will have no jurisdiction over the person of that corporation unless it submits itself to the jurisdiction of the court under the theory enunciated in the General Electric case, supra. It follows that a case brought erroneously under Sec. 1400(b) cannot be transferred but must be dismissed for lack of jurisdiction. Arkay Infants Wear Inc. v. Klines Inc., D.C., 85 F.Supp. 98; C. F. Blaski v. Hoffman, 7 Cir., 260 F.2d 317.

■ It is further clear from the opinion in the Fourco Glass Co. case, supra, that the mere "doing of business" of a corporation within a district is not enough to submit it to the jurisdiction of the district court in a patent infringement action. C. F. Kerr v. Port Huron Sulphite & Paper Co., D.C., 157 F.Supp. 685.

■ Sec. 1694 provides that service may be made upon the "agent or agents conducting such business" though is not limited to same. Latini v. R. M. Dubin Corporation, D.C., 90 F.Supp. 212.

■ However, in patent infringement cases, Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C., should not be construed to extend or limit the jurisdiction or venue of the district courts. Gibbs v.

Emerson Electric Mfg. Co., D.C., 29 F. Supp. 810.

The defendants in support of their motion for dismissal on the ground that service was improper, erroneously contend that defendants were not "doing business" within this district and thus not present within this district and accordingly, service upon Mr. Epstein, the president of each, was a nullity. Defendants cite one decision, Geo-Physical Maps, Inc. v. Toycraft Corp., D.C., 162 F.Supp. 141, a copyright infringement case under 28 U.S.C. Sec. 1400(a) which is irrelevant to the case at bar. Plaintiff neglects all discussion of jurisdiction over the persons of defendant corporations and instead argues extensively that defendants were properly served and cites Latini v. R. M. Dubin Corp., supra, wherein upon an action for patent infringement, I held service upon the president of a corporation valid *after it had been established that the corporation had committed acts of infringement within this district and had a regular and established place of business within this district.* Clearly, this is not the case at bar. If defendant has committed acts of infringement within this district and has a regular and established business within this district, the service upon Mr. Epstein is valid. Since defendants' motion to dismiss for improper venue is, in this case, equivalent to, and controlled by the same issues of fact as the motion to quash return of service, we must now establish whether or not defendants have committed acts of infringement within this district and have a regular and established place of business here.

As I pointed out in the Latini case, supra, and as has been stated by our Court of Appeals in the Shelton case, supra, and by the Supreme Court of the United States in McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, there is an understandable trend towards expanding jurisdiction over foreign corporations. However in the Shelton & Latini cases, supra, the liberal emphasis was upon the *type of business* conducted while the requirements of the statute for a "regular and established place of business" were strictly met.

In the case at bar, defendants have committed acts of infringement within this district by the sale of alleged infringing products within this district.

■ However, I cannot hold that defendants have a "regular and established place of business" within this district. The affidavits show that defendants are merely associate members of the two meat organizations involved. They have no voting rights and are without voice in the management of these organizations. It is the governing bodies of each organization which decide where and when these annual trade shows will be held. Defendants likewise have no voice in this selection and are only informed of their opportunity to take exhibition space at the trade shows a few months prior to the show.

Without entering into a semantical discussion of the phrase "regular and established", it is readily seen that the phrase must necessarily include some degree of control by the party engaged in the business whereas, an arrangement such as the one at bar is based upon too many probabilities to be termed "regular and established". For example, the organizations need not have an annual trade show, they need not hold it within this district, they need not rent space to defendants. Since the carrying on of any business at all by defendants within this district is dependent upon these factors and since these factors are removed from defendants' control, it cannot be said that defendants have a "regular and established" place of business within this district.

For these reasons, the motion to quash return of service and to dismiss is granted and the cause is hereby dismissed at plaintiff's costs without prejudice to the right of the plaintiff to commence the action in a District of competent jurisdiction.