Evelyn HOLMAN et al., Plaintiffs,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 78–494.

United States District Court,
M. D. Pennsylvania.

Sept. 19, 1979.

Virginia S. Criste, Paul D. Welch, Jr., New Bloomfield, Pa., James E. Tarman, Harrisburg, Pa., John S. Alexander, Reading, Pa., Lila Shapiro, York, Pa., and Alan Linder, Lancaster, Pa., for plaintiffs.

Paulette Ettachild, Community Legal Services, Inc., Stephanie W. Naidoff, Regional Atty., Marianne P. Flood, Asst. Regional Atty., Region III, Philadelphia, Pa., for McCarron.

S. John Cotton, U. S. Atty., Harrisburg, Pa., Griffin B. Bell, U. S. Atty. Gen., Dept. of Justice, Washington, D. C., for defendant.

Susan Wood, Lancaster, Pa., for plaintiffs and intervening plaintiffs.

Deborah Thomson, Lancaster, Pa., for intervening plaintiffs.

### MEMORANDUM

HERMAN, District Judge.

The present action has been brought to challenge the legality and constitutionality of alleged unreasonable delays in processing applications for benefits under Titles II and XVI of the Social Security Act, as amended, 42 U.S.C. §§ 401–433 and 1381–1383c. The action also challenges delays in the certification of eligibility and benefit amounts and in the payment of benefits under Titles II and XVI. Plaintiffs are adult individuals residing within central Pennsylvania and allege varying experiences of delay in the administrative procedures encountered in their requests from the Secretary under the Act. Plaintiffs also seek to bring this action as representatives of a class of persons similarly situated. Fed.R.Civ.P., Rule 23(a), (b)(1), and (b)(2). Defendant, Joseph A. Califano, Jr., was the Secretary of the Department of Health, Education and Welfare

of the United States and is formally charged with the administration of the Social Security Act. Plaintiffs seek, *inter alia*, relief in the form of a declaratory judgment of their rights under the Act and an injunction in the nature of a writ of mandamus ordering the Secretary to process all claims pending more than 180 days and to promulgate regulations eliminating the alleged delays.

On May 25, 1978, Plaintiffs filed their complaint setting forth allegations concerning the delays. The complaint includes numerous exhibits of petitions by each of the named Plaintiffs for benefits under the Social Security Act. Each Plaintiff's initial application for benefits was denied and each Plaintiff subsequently proceeded with the reconsideration/appeal procedure established by the Secretary. On August 8, 1978, the Secretary filed a motion to dismiss with accompanying brief, asserting the court's lack of subject matter jurisdiction and the Plaintiffs' failure to state a claim upon which relief can be granted. Fed.R.Civ.P., Rules 12(b)(1) and 12(b)(6). Plaintiffs filed their Memorandum in Opposition to the Motion to Dismiss on September 29, 1978 and the Secretary responded on November 21, 1978. Subsequent to a conference on December 15, 1978, in which the class certification and motion to dismiss were discussed, the parties presented oral arguments on those two issues to the court on January 11, 1979. Based on the following memorandum, the Secretary's motion to dismiss will be denied and Plaintiffs' motion for determination of class will be granted.

## I. *Subject Matter Jurisdiction*

Plaintiffs have alleged jurisdiction in this court under the Mandamus Act, 28 U.S.C. § 1361, sections 205(g) and 1631(b) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(b),[1] and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Although

the Secretary argues strongly that 42 U.S.C. § 405(g) does not provide jurisdiction in the matter at hand, we find, as has every other court similarly situated, that we have jurisdiction. Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ..

The Third Circuit has ruled recently that § 205(g) was a sufficient jurisdictional basis for a complaint under § 204 of the Act, 42 U.S.C. § 404. *Mattern v. Mathews*, 582 F.2d 248 (3d Cir. 1978). The allegations in *Mattern* centered about the absence of any hearings before a recoupment for overpayments could be deducted from a person's benefits. Although *Mattern* concerned benefits that had already been awarded and were being taken back, the jurisdictional basis remains the same. *See, Wright v. Califano*, 587 F.2d 345 (7th Cir. 1978); *Blankenship v. Secretary of HEW*, 587 F.2d 329 (6th Cir. 1978); *Caswell v. Califano*, 583 F.2d 9 (1st Cir. 1978). *Mattern* established two conditions for § 205(g) jurisdiction. First, a claim for benefits must have been presented to the Secretary. This requirement is clearly satisfied by the exhibits attached to the complaint. Second, there must have been a final decision after a hearing. This second condition, unlike the first, is waivable, either by the Secretary or by the court on its own determination. *Mathews v. Eldridge*, 424 U.S. 319, 330–32, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 765–67, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The "final decision" condition is basically an exhaustion of administrative remedies requirement.

In *Eldridge*, the petitioner attacked the procedures used by the Social Security Ad-

---

1. The court has searched § 1383(b) in vain for the roots of federal judicial jurisdiction. That section deals with adjustment, recovery or payment of amounts of overpayments or underpayments by the Secretary. It may be § 1383(c)(3) that Plaintiffs sought as a jurisdic-

tional basis. That section allows "judicial review as provided in section 405(g) of this title . . . ." Fortunately, because we find our jurisdiction based elsewhere, we need not attempt to second guess Plaintiffs.

ministration, without having first exhausted his administrative remedies. Viewing its circumstances in light of *Salfi*, the court found two factors that led to its waiver of the exhaustion condition. First, the claim that is attacked must be collateral to the substantive claims of the plaintiffs for entitlement to benefits. 424 U.S. at 330, 96 S.Ct. 893. As in *Mattern*, the Secretary concedes here that the present action is collateral to the plaintiffs' claims for benefits. The first *Eldridge* factor, as interpreted by the Third Circuit in *Mattern*, is thereby satisfied.

The second factor required by the Supreme Court to waive the exhaustion requirement is that the plaintiff must raise "at least a colorable claim that . . . an erroneous termination would damage him in a way not recompensable through retroactive payments." 424 U.S. at 331, 96 S.Ct. at 901 (footnote omitted). We find (again as in *Mattern*) that plaintiffs' allegations of "irreparable injury" coming as a consequence of the alleged delays have satisfied the threshold for a colorable claim that plaintiffs would be irreparably harmed. 582 F.2d at 253. The matter now before us is therefore one in which the Plaintiffs' "interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." 424 U.S. at 330, 96 S.Ct. at 900. *See also, Mattern, supra,* 582 F.2d at 253; *Liberty Alliance of the Blind v. Califano,* 568 F.2d 333, 345–46 (3d Cir. 1977).

Despite the factual differences between *Mattern* and the case at hand (recoupment under § 204 of the Act in the former, delay in processing reconsideration and review requests in the latter), § 205(g) provides an adequate jurisdictional base. The Supreme Court in *Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192, 201–02 (1977) reviewed its findings of waiver in *Eldridge* and *Salfi* and stated and reaffirmed jurisdiction based on § 205(g):

In both instances . . . the claimants challenged the Secretary's decisions on constitutional grounds. Constitutional questions obviously are unsuited to reso-

lution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions. Furthermore, since federal-question jurisdiction under 28 U.S.C. § 1331 is precluded by § 205(h), *Weinberger v. Salfi, supra,* 422 U.S. at 761, 95 S.Ct. 2457, [45 L.Ed.2d 522,] a decision denying § 205(g) jurisdiction in *Salfi* or *Eldridge* would effectively have closed the federal forum to the adjudication of colorable constitutional claims. Thus those cases merely adhered to the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by "'clear and convincing'" evidence. [422 U.S.] at 762, 95 S.Ct. 2457 [at 2465], [45 L.Ed.2d 522]; *Johnson v. Robinson,* 415 U.S. 361, 366–67, 94 S.Ct. 1160, [1165–66,] 39 L.Ed.2d 389 (1974).

430 U.S. at 109, 97 S.Ct. at 986, 51 L.Ed.2d at 201–02.

In a matter similar on all points to the one at hand, circuit courts other than our own have found little question that the preceding rationale supports jurisdiction under § 205(g). *See, e. g., Wright v. Califano, supra,* 587 F.2d 345, 348–50 (7th Cir. 1978); *Blankenship v. Secretary of HEW, supra,* 587 F.2d 329, 332 (6th Cir. 1978); *Caswell v. Califano, supra,* 583 F.2d 9, 13–15 (1st Cir. 1978).

In a well-reasoned opinion finding an adequate jurisdictional basis, the Seventh Circuit examined the differences between the strictly constitutional basis of *Eldridge* and *Salfi* allegations and the statutory claims of unreasonable delays in the administrative procedures.

Although the situation with respect to the plaintiffs' claims that the Social Security Act and APA require the SSA to act within a "reasonable time" is less clear, we believe that they also fall within the district court's Section 205(g) jurisdiction. Statutory claims such as these are both colorable and collateral, and the

plaintiffs may suffer irreparable harm if judicial review is postponed. Delay in judicial review may even effectively "close the federal forum" to these claims. It must be conceded that the Secretary has an interest in interpreting the "reasonable time" requirement of the Social Security Act that is not present in a case involving only constitutional claims. The Secretary is required by 42 U.S.C. § 1302 to promulgate regulations for "the efficient administration of the functions with which [he] is charged under [the Act]." Yet the Secretary's interest in plaintiffs' statutory claims remains "unsuited to resolution in administrative *hearing* procedures." *Califano v. Sanders,* 430 U.S. at 109, 97 S.Ct. at 986 (emphasis added). *We conclude that it should be seen more as a consideration affecting the desirability of judicial intervention in the administrative process on the merits of a particular case, rather than an absolute preclusion of federal jurisdiction over the plaintiffs' claims.*

*Wright v. Califano, supra,* 587 F.2d 345, 349 (emphasis added).

■ We conclude therefore that Plaintiffs' allegation of a jurisdictional base in § 205(g) of the Social Securities Act, 42 U.S.C. § 405(g), is sufficient for this court to hear the matter on its merits. Because we reach this conclusion, we need not address the as yet unsettled question of jurisdiction under the Mandamus Act, 28 U.S.C. § 1361. *Califano v. Yamasaki,* —— U.S. ——, 99 S.Ct. 2545, 61 L.Ed.2d 176, 190 (1979); *Wright v. Califano, supra,* 587 F.2d at 348; *Mattern v. Mathews, supra,* 582 F.2d 248, 253. We note, however, that many federal courts facing the question have found a jurisdictional base under the. Mandamus Act. *See, e. g., Barnett v. Califano,* 580 F.2d 28 (2d Cir. 1978); *White v. Mathews,* 559 F.2d 852 (2d Cir. 1977), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978).

## II. *FAILURE TO STATE A CAUSE OF ACTION*

We find that the federal courts have examined, on the merits, each claim for delay in administrative procedure brought before them. Plaintiffs assert three causes of action at present: Violation of the statutory provisions in Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.;* violation of the statutory provisions of the Administrative Procedure Act, 5 U.S.C. §§ 554(b), 555(b), 555(e), and 701 *et seq.;* violation of their constitutional rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

The appeal courts from other circuits have uniformly accepted the statutory claims for delay. *Wright v. Califano, supra,* 587 F.2d 345, 350–54 (7th Cir. 1978); *Blankenship v. Secretary of HEW, supra,* 587 F.2d 329, 333–34 (6th Cir. 1978); *Caswell v. Califano, supra,* 583 F.2d 9, 15–16 (1st Cir. 1978); *Barnett v. Califano, supra,* 580 F.2d 28, 30 (2d Cir. 1978). Both *Wright* and *Barnett,* moreover, accepted as valid the constitutional complaints about due process violations. *Wright v. Califano, supra,* 587 F.2d at 354–56; *Barnett v. Califano,* 580 F.2d at 30. We will follow this example set by other federal courts and deny the Secretary's motion to dismiss.[2]

■ The Court finds the rationale and policy of *Wright* persuasive, but we are unable to apply it in the context of a motion to dismiss for failure to state a cause of action. The Plaintiffs have alleged an injury from the delay and that allegation is sufficient to have us determine the matter on its merits. The governmental interest, regarded as crucial in Wright, must be left to later proceedings to come to the court's attention.

## III. *CLASS CERTIFICATION*

■ Plaintiffs note that because the Secretary delayed in filing his brief opposing the motion for certification of the class, he

---

2. The court similarly rejects as groundless at this time, the Secretary's other arguments against our hearing this matter on the merits.

can be deemed not to have opposed the motion under our Local Rule 301.01. Whether the Secretary opposes certification of the class or not, it remains for the court to determine the validity of undertaking this proceeding as a class action. Because we find that Plaintiffs satisfy the requirements of Fed.R.Civ.P., Rule 23(b)(2)[3] we will certify this matter as a class action.

Plaintiffs' request a certified class defined as follows:

All persons in the Commonwealth of Pennsylvania who are applicants for or recipients of Social Security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and/or Supplemental Security Income disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., and who do not receive a prompt and thorough final decision by the Secretary on their claim for benefits, from their initial application through all stages of the administrative process or on their appeal following a decision to terminate benefits, within one hundred, eighty (180) days of initial application or request for continued benefits, exclusive of any delay caused by the applicant or recipient and/or, if determined eligible, do not receive notice of eligibility or benefit amount and payment of benefits within thirty (30) days of determination of eligibility.

The United States Supreme Court has recently ruled that § 205(g) of the Social Security Act is not a bar to maintaining an action under that section as a class action. *Califano v. Yamasaki, supra,* —— U.S. ——, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979). Section 205(g), the Court noted, permits civil actions against the Secretary. Federal Rules of Civil Procedure, Rule 1 purports to apply the Civil Rules to *all* federal civil actions. The Court said, "We do not find in § 205(g) the necessary clear expression of congressional intent to exempt actions brought under that statute from the operation of the Federal Rules of Civil Procedure." —— U.S. at ——, 99 S.Ct. at 2557, 61 L.Ed.2d at 192. As long as the named plaintiffs are properly before the court, a class served by them as representatives is properly certified. The members of the class must, of course, satisfy the non-waivable condition of § 205(g) that application be made to the Secretary for reconsideration or appeal of an unfavorable initial determination of the class member's eligibility for benefits.

The Secretary argues that the Rule 23(a)(2) condition of a question of law or fact common to the class is not satisfied by the class members' claims. The Court declared in *Yamasaki* :

The issues involved are common to the class as a whole. They turn on questions of law applicable in the same manner to each member of the class. The ultimate question is whether a pre-recoupment hearing is to be held, and each individual claim has little monetary value. It is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue. And the class action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every social security beneficiary to be litigated in an economical fashion under Rule 23.

—— U.S. at ——, 99 S.Ct. at 2557, 61 L.Ed.2d at 192. Although the issue facing us now is not a pre-recoupment hearing, it does concern alleged procedural abuses in the administration of social security benefits. Those procedural abuses are applicable to every member of the defined class.

The Seventh Circuit in *Wright v. Califano, supra,* 587 F.2d 345 (7th Cir. 1978) certified a class in an identical factual situation, ruling:

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . .

---

**3.** Fed.R.Civ.P., Rule 23 provides in relevant part:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

"[P]laintiffs all seek social security . . . benefits through the identical administrative process, all have requested hearings after initial adverse rulings, and all have endured long delays before hearing."

587 F.2d at 350, *quoting White v. Mathews, supra*, 559 F.2d 852, 858 (2d Cir. 1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978). Federal courts in other circuits have similarly certified classes in actions such as this. *See, e. g., Blankenship v. Secretary of HEW, supra*, 587 F.2d 329 (6th Cir. 1978); *Caswell v. Califano, supra*, 583 F.2d 9 (1st Cir. 1978); *Barnett v. Califano, supra*, 580 F.2d 28 (2d Cir. 1978).

We hold therefore that when we have jurisdiction over the claims of the members of a class, as we do here, in accordance with the requirements set out in § 205(g), we also have the discretion under Fed.R.Civ.P., Rule 23 to certify a class action for the litigation of those claims. *Califano v. Yamasaki, supra*, —— U.S. at ——, 99 S.Ct. at 2557, 61 L.Ed.2d at 192. We note the Secretary's concern with the venue provisions of § 205(g), but it does not affect our holding. First, the Secretary raised the question of venue incorrectly and so waived it. Fed.R.Civ.P., Rule 12(h). Second, once the court finds any appropriate named plaintiff, Rule 23 imposes no geographic bounds on the extent of the class. *See Califano v. Yamasaki, supra*, —— U.S. at ——, 99 S.Ct. at 2558, 61 L.Ed.2d at 193 (nationwide class allowed under § 205(g)).

The court also notes that the nature of the class makes notice to each member difficult because of the uncertainty about whether the member is within or beyond the 180 days. The notice provisions of Rule 23(c)(2) are not required, however, for a 23(b)(2) class. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 n. 14, 94 S.Ct. 2140, 40 L.Ed.2d 732, 748 (1971). Furthermore, we note that the "weight of authority supports the interpretation that due process does not require notice in every (b)(2) class action." *Elliot v. Weinberger*, 564 F.2d 1219, 1228 (9th Cir. 1977), *aff'd in part, rev'd on other grounds, sub nom., Califano v. Yamasaki*, —— U.S. ——, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979).