Madgey JACKSON, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of
Health, Education and Welfare,
Defendant.

No. S 79–213.

United States District Court,
N. D. Indiana,
South Bend Division.

Memorandum and Order Nov. 19, 1979.

On Reconsideration and Modification
Dec. 11, 1979.

Marcia K. Sowles, Legal Services Program of Northern Indiana, Inc., South Bend, Ind., for plaintiff.

David T. Ready, U. S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

Plaintiff has moved to certify a class composed of "all recipients of and applicants for Supplement Security Income (SSI) in the State of Indiana who have had or will have SSI benefits reduced, terminated or denied because of the enforcement by the Social Security Administration of the policy and practice of considering the difference between the fair market value and the actual price paid by an SSI recipient for a necessity of life as in-kind income."

The Supreme Court decision in *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 2556–2558, 61 L.Ed.2d 176 (1979) has resolved many questions originally raised regarding the propriety of class certification, plaintiff's purported class does not comport with the Supreme Court's conclusion regarding the appropriate scope of a class under § 205(g) of the Social Security Act.

In regard to class actions brought under the Act, in *Yamasaki*, Mr. Justice Blackmun writing for the Court stated:

> Moreover, class relief is consistent with the need for case-by-case adjudication emphasized by the Secretary, at least so long as the membership of the class is limited to those who meet the requirements of § 205(g) [42 U.S.C. § 405(g)]. See *Norton v. Mathews*, 427 U.S. 524, 535–537, 96 S.Ct. 2771, 2776–2778, 49 L.Ed.2d 672 and nn. 4–8 (1976) (Stevens, J., dissenting).

*Yamasaki, supra*, 99 S.Ct. at 2557.

■ The dissenting opinion in *Norton v. Mathews, supra*, which was referred to in the *Yamasaki* opinion sets out the criteria for a class certified under § 205(g). These prerequisites are:

> "(1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business." *Weinberger v. Salfi*, 422 U.S. 749, 763–764 [95 S.Ct. 2457, 2466, 45 L.Ed.2d 522] [1975]. The last two requirements may be waived entirely by the Secretary and the first may be partially waived or satisfied by less than literal compliance. See id. at 763–767 [95 S.Ct. at 2466]; *Mathews v. Eldridge*, 424 U.S. 319, 326–332 [96 S.Ct. 893, 898–901, 47 L.Ed.2d 18]; *Mathews v. Diaz*, 426 U.S. 67, 75–77 [96 S.Ct. 1883, 1889–1890, 48 L.Ed.2d 478].

*Norton v. Mathews, supra* at n. 4.

In this matter, plaintiff's alleged class does not comport with the requirements of § 205(g). None of the § 205(g) require-

ments as described in the dissenting opinion of *Norton, supra,* and referred to in *Yamasaki, supra,* have been met.

With respect to the first requirement of § 205(g), the alleged class has had no hearing and no final decision of the Secretary. Accordingly, there is no jurisdiction for their claims to be heard before the court.

*Weinberger v. Salfi, supra,* has found that the Secretary may waive full exhaustion in certain cases, but *Salfi* recognized that it is up to the Secretary to make this decision on waiver:

" * * * The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration. While a court may not substitute its conclusion as to futility for the contrary conclusion of the Secretary, we believe it would be inconsistent with the congressional scheme to bar the Secretary from determining in particular cases that full exhaustion of internal review procedures is not necessary for a decision to be 'final' within the language of § 405(g). * * " 422 U.S. at 766–7, 95 S.Ct. at 2467.

█ Only the named plaintiff in this action has properly exhausted her administrative remedies. Furthermore, the Secretary has not waived exhaustion for the alleged class members.

The limited exception to the requirement for the exhaustion of administrative remedies found in *Eldridge, supra,* does not apply to this case. *Eldridge* applies only to the situation where a plaintiff's claim in court is "collateral" to his claim for benefits. *Eldridge* stated:

"Eldridge's constitutional challenge is entirely collateral to his substantive claim of entitlement * * *. Thus, unlike the situation in *Salfi,* denying Eldridge's substantive claim 'for other reasons' or upholding it 'under other provisions' at the post-termination stage, 422 U.S., at 762 [95 S.Ct. at 2465], would not answer his constitutional challenge." *Eldridge* at 330–1, 96 S.Ct. at 900–901.

Plaintiff's claim in this action is not collateral at all. Plaintiff's claim in court is directly related to her claim for benefits.

The Third Circuit's decision in *Liberty Alliance of the Blind v. Califano,* 568 F.2d 333 (3d Cir. 1977), does not control this case. In holding that a class action was proper in the *Liberty Alliance* case, the Third Circuit stated that the test for exhaustion of a statutory issue should be whether the Secretary has taken a final position on that issue. This holding improperly extends *Mathews v. Eldridge, supra,* in that, as stated *supra, Eldridge's* waiver of exhaustion requirements was specifically limited to those cases which raised a constitutional issue collateral to a claim for benefits. Even if the *Liberty Alliance* holding is accepted, however, it is not applicable to the instant case due to decisive factual differences between the two cases. In *Liberty Alliance,* the Third Circuit found that the Secretary had taken a final position on the issue raised therein. This finding was based on the fact that lengthy negotiations had taken place on the issue between the plaintiff and the Department of Health, Education and Welfare, culminating in a written statement from an HEW official stating that the Secretary's position was firm and would not be modified except as dictated by legislative action or by the courts. See *Liberty Alliance,* 568 F.2d at 346. By contrast, plaintiff here has simply completed the exhaustion requirement for her *individual* case. There has been no broad statement furnished to the plaintiff, as in *Liberty Alliance,* sufficient to waive the general requirement of exhaustion for all members of the alleged class.

The decision of the Seventh Circuit in *Jimenez v. Weinberger,* 523 F.2d 689 (1975), *cert. denied,* 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1976), is similarly inapplicable here. *Jiminez* dealt, as did *Eldridge,* with a constitutional claim over which the Secretary had no authority. Even should the court's reasoning in *Jiminez* be accepted, it is not applicable to this case which raises an issue of statutory interpretation which is not beyond the Secretary's authority to decide.

With respect to the third requirement of § 205(g), a statewide class is inappropriate on grounds of venue. Plaintiff has alleged a class covering the geographic area of the entire State of Indiana, far beyond the geographic boundaries of this district. Because of the special venue restrictions of § 205(g) this court lacks jurisdiction over members of the proposed class who do not reside in this district. *Yamasaki, supra.* The Supreme Court of the United States has recognized that special venue statutes must be observed, and preclude resort to general venue provisions that might otherwise be applicable. *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1957); *Stonite Products Co. v. Melvin Lloyd Co.,* 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1941). Section 205(g) is "complete, independent and alone controlling in its sphere". *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, at 228, 77 S.Ct. 787, at 791, 1 L.Ed.2d 786. Section 205(g) specifies the precise courts in which Congress consented to have the Secretary sued in claims arising under the Social Security Act, and in these courts alone may the Secretary be sued. See, *Radzanower,* at 152, 96 S.Ct. 1989.

The exclusivity of Section 205(g), established not only by Section 205(g)'s specialness, but also by Section 205(g)'s preclusive effect (Cf., *Weinberger v. Salfi,* supra), makes clear that class actions may not cut across Federal Judicial District Lines. Similar conclusions have been compelled under other special venue provisions. *Kaeppler v. James H. Matthews & Co.,* 180 F.Supp. 691, 694–95 (E.D.Pa.1960); *Arkay Infants Wear v. Kline's,* 85 F.Supp. 98, 100 (W.D.Mo. 1949). The venue provisions of Section 205(g) are as mandatory as other jurisdictional prerequisites of that section.

Although the second and third requirements of § 205(g) can be waived, as discussed *supra,* there has been no such waiver in this case, and a court cannot itself waive venue. *Cf., Blue Mountain Construction Co. v. Werner,* 270 F.2d 305 (9th Cir. 1959), *cert. denied,* 361 U.S. 931, 80 S.Ct. 371, 4 L.Ed.2d 354 (1960).

In any class proposed under § 205(g) all purported class members must file "a claim" (in writing). See *Salfi, Norton* and *Yamasaki, supra.* This is a non-waivable requirement without which no class is proper under § 205(g) *id.*

As plaintiff's alleged class is required to comport with the requirements of § 205(g), it cannot satisfy the "numerosity" requirement of Rule 23(a)(1), Fed.R.Civ.P. The SSI claimants with respect to this action who meet the requirements of § 205(g) are not "so numerous that joinder of all members is impracticable."

Even assuming arguendo that the class does not have to meet the requirements of § 205(g), class certification would still be improper under Rule 23 of the Federal Rules of Civil Procedure. As previously stated, Rule 23(a)(1) requires that the class be so numerous that joinder of all members would be impracticable. Plaintiff has provided no proof of the size of the alleged class. "A conclusory allegation that a class is so numerous that joinder is impracticable is not sufficient to meet the requirements of Rule 23(a)(1)". *Valentino v. Howlett,* 528 F.2d 975, 978 (7th Cir. 1976). Neither may the existence of a class be established by "pure speculation". *DeMarco v. Edens,* 390 F.2d 836, 945 (2d Cir. 1968); *Cf. Valentino, supra,* at 979.

In *DeMarco,* an estimate of class size at 100 was based on a guess that a stock underwriter had sold 40,000 shares of stock, and since most of the *named* plaintiffs had bought in lots of 100 to 300 shares there should have been at least 100 purchasers. The Second Circuit found this speculation inadequate since there was no evidence indicating any purchasers other than the named plaintiffs did buy their stock in such lots.

Plaintiff in this action merely hypothesizes that since there are thousands of SSI recipients there must be a class of claimants affected by the challenged regulation, but hypothesis alone does not satisfy Rule 23. Other examples of the failure of speculation to carry the burden as to class size include

*Baxter v. Minter*, 378 F.Supp. 1213, 1215–16 (D.Mass.1974) (involving welfare applicants denied emergency assistance); *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 64 F.R.D. 43, 48–49 (D.Del.1974); *McCoy v. McLeroy*, 348 F.Supp. 1035, 1038–39 (M.D. Ga.1972) (involving a voter registration discrimination suit), and *Male v. Crossroads Associates*, 320 F.Supp. 141, 150 (S.D.N.Y. 1970) (involving alleged discrimination against welfare applicants in apartment rentals). These cases are discussed in *Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656, 661–62 (N.D.Cal.1976), involving refugee children.

For the foregoing reasons, plaintiff's motion for class certification is DENIED.

### ON RECONSIDERATION AND MODIFICATION

*Sua sponte*, this Court now reconsiders and modifies its memorandum and order of November 19, 1979. This reconsideration and modification is made in light of *Holman v. Califano*, 83 F.R.D. 488 (M.D.Pa.1979).

 Under *Holman v. Califano*, and *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176, the class certified must be limited to those who have satisfied § 205(g). However, the motion to certify a class should not be denied on this ground; rather, the class certified should be limited to those who have satisfied § 205(g).

Furthermore, under *Holman v. Califano* and *Califano v. Yamasaki*, the class is not limited geographically. Once the court finds an appropriate named plaintiff, there is no geographical bounds on the extent of the class. If a class were to be certified in this case, it would not have to be limited to residents of the Northern District of Indiana.

However, class certification should be denied in this case for failure to satisfy the numerosity requirement. Provided, that the plaintiff should be given a reasonable period of time to show that the numerosity requirement is satisfied. To support her allegation that the numerosity requirement is satisfied, the plaintiff claims that 41,134

persons receive SSI payments, each of whom is affected by the defendant's policy in that all recipients are deterred from seeking bargains. Recipients merely deterred from seeking bargains have not exhausted their administrative remedies as required by § 205(g). Accordingly, they are not appropriate class members. The plaintiff has not shown this Court whether there are any members of the class who satisfy § 205(g).

The Motion to Certify a Class is DENIED for failure to satisfy the numerosity requirement. Provided, that this order will be reconsidered upon the plaintiff's filing evidence showing that the numerosity requirement is satisfied. Any such evidence must be filed on or before March 1, 1980.